TRICE *v.* ORCHARD FARM PIE COMPANY.

1. WORKMEN'S COMPENSATION—CLAIM FOR COMPENSATION—HERNIA— QUESTION OF FACT.

  Whether or not employee made unequivocal claim for compensation for left inguinal hernia within statutory period of six months *held*, question of fact under record presented where plaintiff's testimony is fairly, if not necessarily, construed as showing only a claim for compensation for four or five days he did not work immediately after accident, a period for which he was not entitled to compensation (2 Comp. Laws 1929, §§ 8431, 8456).

2. Same—Reports—Statute of Limitations.

Whether or not defendant employer when it filed noncompensable report of accident to plaintiff had knowledge of fact that injury, a left inguinal hernia, was compensable and thereby deprived itself of defense of statute of limitations for failure to file proper report *held*, a question of fact for department of labor and industry under conflicting evidence presented (2 Comp. Laws 1929, § 8431).

3. Same—Credibility of Witnesses.

Credibility of witnesses presenting conflicting testimony in proceeding to recover workmen's compensation is for department of labor and industry.

4. Same—Questions of Fact—Conflicting Testimony.

Decision of department of labor and industry upon question of fact as to which there was conflicting testimony is binding upon Supreme Court (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted June 18, 1937. (Docket No. 14, Calendar No. 39,449.) Decided September 1, 1937. Rehearing denied October 13, 1937.

Hosea Trice presented his claim for compensation against the Orchard Farm Pie Company for injuries sustained in defendant's employ. From award denying compensation, plaintiff appeals. Affirmed.

*Dann & Atlas (Carl Gussin, of counsel), for plaintiff.*

*Kerr, Lacey & Scroggie, for defendant.*

North, J. Plaintiff appeals from an award of the department of labor and industry affirming the deputy commissioner who held plaintiff was not entitled to recover compensation. In affirming this holding the department based its determination upon the following:

"It is the finding of this department that plaintiff in the instant case has not met the burden of proof to show an affirmative and unequivocal claim for compensation within six months after the accidental injury and compensation must be denied."

Unfortunately the department did not make a full and satisfactory finding of the facts, but instead filed an opinion which, so far as factual issues are concerned, is practically nothing more than a recital of what was testified to by the respective witnesses except as above quoted. According to plaintiff's testimony the material facts pertaining to the accident and to the employer's knowledge of the accident are as follows:

The accident occurred June 14, 1932, but plaintiff's application for an award of compensation was not made until sometime in March, 1936. The injury was a left inguinal hernia caused by plaintiff's attempt to prevent a load of pie tins which he was moving on a truck from tipping over. In lifting plaintiff slipped and felt pain. He rested for a short time but feeling he was unable to continue his work, reported the accident to his foreman and was sent to the company doctor. Upon examination the doctor informed plaintiff that he had a hernia in the left groin and recommended that he should have an operation. Plaintiff reported this to his foreman and did not immediately resume his work. When he returned to work he asked the foreman if he would be compensated for the four or five days he was off, and his foreman answered: "Well, as long as you come back to work, they don't pay you anything." Plaintiff was offered an operation for the hernia but he told his foreman he was not then in a position to have an operation and inquired whether he could have it at any time he wanted it. The foreman as-

sured plaintiff he could have the operation whenever he was ready and in the meantime he would be put on light work. Plaintiff returned to his work within seven days and a report of a noncompensable accident was filed with the department July 7, 1932. Plaintiff thereafter continued in defendant's employ for approximately three and a half years, and was then laid off. During the first six months of this period he was given light work but thereafter did the same work as prior to the accident.

As noted above, compensation was denied by the department because it found from the testimony that plaintiff had not "met the burden of proof to show an affirmative and unequivocal claim for compensation within six months after the accidental injury." Under the record in this case we think it is clear that it was a question of fact for the determination of the department as to whether or not plaintiff did make an unequivocal claim for compensation within the statutory period of six months. 2 Comp. Laws 1929, § 8431. Plaintiff's testimony as to his demand for compensation may fairly, if not necessarily, be construed to mean that his only demand was for compensation for the four or five days he did not work immediately after the accident. Under the statute (2 Comp. Laws 1929, § 8456) he was not entitled to compensation for this period, it being less than seven days. There is no testimony in the record of any other demand for compensation within the period of six months next succeeding the accident.

But appellant asserts that his right to compensation, notwithstanding a demand therefor was not made within six months, is not barred by the statute (2 Comp. Laws 1929, § 8431), because defendant filed a noncompensable report when under the circumstances it should have filed a compensable report.

In this particular, plaintiff relies upon *Pritchard* v. *Ford Motor Co.,* 276 Mich. 246. The two cases are not alike, but instead because of the difference in the determination of factual issues by the department are distinctly dissimilar. In the *Pritchard Case* the department found, notwithstanding the employer had knowledge that the employee had sustained a compensable accident, a noncompensable report was filed with the department. In the opinion it is stated:

"The employer, through its proper agents and employees, had knowledge that as the result of the accident plaintiff sustained a right inguinal hernia, that his condition required an operation and hospitalization, and entitled him to compensation during recovery."

No such finding was made by the department in the instant case. Instead, the department held in this case that plaintiff's failure to prove an affirmative and unequivocal demand barred him from an award of compensation. From such holding it is a necessary inference that the department found defendant had filed a proper report, otherwise the statutory limitation invoked would not have been a bar. 2 Comp. Laws 1929, § 8431.

Under this record the department had to determine as an issue of fact whether defendant had knowledge at the time it filed its report of a noncompensable injury that in fact plaintiff had sustained a compensable injury. In other words there was an issue of fact as to whether defendant at that time knew plaintiff had suffered a hernia and that the doctor to whom he reported recommended an operation. Plaintiff testified that such was the fact; but as against his testimony defendant's foreman testified directly to the contrary. We quote from the foreman's testimony.

"*Q*. Did he (plaintiff) make any complaints to you about a rupture?

"*A*. I never heard him make any. I heard him make complaints about minor ailments, that he didn't feel well, things of that kind probably. One day he had a nose bleed. There was another day he had a cold.

"*Q*. Did he complain about his side to you?

"*A*. I can't remember of him ever complaining about his side. * * *

"*Cross Examination:    Q*. You don't really remember, he may have complained to you about his pains in his groin?

"*A*. No, I cannot remember that.

"*Q*. He did complain of pains?

"*A*. No, just different ailments, like a headache, stomach troubles, something of that kind."

In view of the conflicting testimony there was an issue of fact for the department to determine as to whether defendant was possessed of knowledge in consequence of which it was not justified in filing a noncompensable report. The matter of credibility of the respective witnesses was for the department to consider in determining this issue. By necessary inference (as above noted) the department found the filing of such a report was proper; and hence it must be concluded that in the judgment of the department the testimony did not show defendant had knowledge at the time it filed the report of the accident that plaintiff had suffered a compensable rather than a noncompensable injury. Unless the opinion of the department is so construed it is inconsistent with itself and the conclusion reached wholly illogical.

In this connection it may be noted that the report of the accident in no way refers to plaintiff's claim of incapacity from hernia. Instead the nature and cause of the injury was reported as follows:

"(Employee) Was lifting a basket of pie tins and claims he strained himself."

Because the decision of the department is based upon its determination of the issues of fact as to which there was conflicting testimony, we are bound by its decision * and its award is affirmed. Costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.