GOINES *v.* KELSEY HAYES WHEEL CO.

1. WORKMEN'S COMPENSATION—CHANGE OF CONDITION—EARNING
   POWER.
   An award of compensation to an employee may be modified by
   a showing of a change in the physical condition that affects
   his earning power.

2. SAME—APPROVAL OF FINAL SETTLEMENT RECEIPT—REHABILITA-
   TION.
   The approval of a final settlement receipt by the department of
   labor and industry is an adjudication that at that time plain-
   tiff has fully recovered from his injuries, but if it appears
   from the department's records that the final settlement re-
   ceipt was executed for the purpose of rehabilitation, the plain-
   tiff need not show a change in his physical condition.

3. SAME—REEMPLOYMENT—CHANGE OF CONDITION—FURTHER COM-
   PENSATION.
   Employee who was handling pieces of scrap metal weighing 50
   to 150 pounds at time he received compound comminuted frac-
   ture of left leg, signed settlement receipt stating he had fully
   recovered from all disability and must show change for worse
   to be entitled to further compensation and was assigned to
   similar work involving pieces of scrap iron weighing 5 to 10
   pounds was not engaged at so-called "made" work, hence must
   show a change of condition to be entitled to further compensa-
   tion.

4. SAME—FAILURE OF DEPARTMENT TO MAKE FINDING—SUPREME
   COURT'S FINDING.
   In proceeding to recover workmen's compensation if the depart-
   ment of labor and industry fails to make a finding upon a
   material issue, the Supreme Court may examine the testimony
   taken at the hearing to determine whether there is any compe-
   tent evidence to support the award.

5. SAME—FURTHER COMPENSATION—CHANGE OF CONDITION—EVI-
   DENCE.
   Record in employee's proceeding to recover further compensa-
   tion after signing settlement receipt, approved by department,
   and reciting that he had fully recovered from all disability and

would have to show a change for the worse that had lessened his earning capacity before being entitled to further compensation *held,* to support finding of department that there had been no change in employee's physical condition which had lessened his earning capacity.

Appeal from Department of Labor and Industry. Submitted April 4, 1940. (Docket No. 40, Calendar No. 40,809.)   Decided June 19, 1940.

George Goines presented his claim against Kelsey Hayes Wheel Company for compensation for accidental injury suffered while in defendant's employ. On petition for further compensation. Award for defendant. Plaintiff appeals. Affirmed.

*I. W. Ruskin,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

Sharpe, J.   On January 20, 1937, plaintiff, while in defendant's employ, sustained an accidental injury arising out of and in the course of his employment. The injury consisted of a compound comminuted fracture of the lower third of his left leg.   By agreement plaintiff was paid compensation of $18 per week for total disability from the date of the injury to June 22, 1937.   On June 23, 1937, plaintiff was returned to work and so remained until March 24, 1938, when he quit.   A petition for further compensation was filed April 27, 1938, the deputy commissioner granted an award for partial disability at the rate of $7.04 per week.

Plaintiff filed an appeal from this award and the department on review denied compensation.   The department found that there had been no change in the physical condition of plaintiff which had lessened his earning capacity, but made no finding as to plaintiff's present disability.

Plaintiff appeals and contends that prior to his injury, his work consisted in removing heavy pieces of scrap metal, weighing from 50 to 150 pounds, from a conveyor line; that compensation was paid, and on June 23, 1937, he signed a final settlement receipt in which it was stated that he had fully recovered and returned to work at $31.68 per week; that he returned to work at a similar job handling pieces of scrap iron weighing from 5 to 10 pounds; that on March 24, 1938, he was relieved of the light work he had been doing and was put on the heaviest job in the foundry; and that he was unable to do this kind of work and had to quit.

Plaintiff urges that the work he had been doing subsequent to his partial recovery was in an attempt at rehabilitation; and that the instant case is governed by the case of *Hayward* v. *Kalamazoo Stove Company,* 290 Mich. 610. Defendant company contends that the work plaintiff had been doing was not rehabilitative or "made" work as other men in the foundry were doing the same kind of work.

It is an accepted principle of law in this State that an award of compensation may be modified by a showing of a change in the physical condition that affects the earning power of the party receiving such award. See *Klum* v. *Lutes-Sinclair Co.,* 236 Mich. 100; *Wicko* v. *Ford Motor Co.,* 292 Mich. 335. It is also the law that the approval of a final settlement receipt by the department of labor and industry is an adjudication that at that time plaintiff has fully recovered from his injuries, *Hayward* v. *Kalamazoo Stove Co., supra,* but if it appears from the department's records that the final settlement receipt was executed for the purpose of rehabilitation, the plaintiff need not show a change in his physical condition. See *Markey* v. *SS. Peter & Paul's Parish,* 281 Mich. 292; *DeTroyer* v. *Ernst Kern Co.,* 282 Mich. 689.

In the instant case, plaintiff signed the following receipt which was approved by the department:

"I have fully recovered from all disability on account of this accident. I returned to work on the 23d day of June, 1937, at a wage of $31.68 per week and I understand that all compensation is now stopped and that I will have to show a change for the worse that has lessened my earning capacity before I will be entitled to further compensation."

The instant case may be distinguished from the *Hayward Case,* in that in the *Hayward Case* the department found as a fact that plaintiff was totally disabled at the time of the hearing on petition for further compensation, and that there had been a change of condition to such an extent as to lessen plaintiff's earning capacity; while in the case at bar, the department made no specific finding as to plaintiff's present disability, but did find that there had been no change in plaintiff's physical condition which had lessened his earning capacity.

The department made no finding as to whether this is a rehabilitation case, but from the receipt signed by plaintiff, the records of the department, and the evidence produced it is clear that plaintiff was not employed at so-called "made" work.

It is well settled that if the department fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award. See *Foley* v. *Detroit United Railway,* 190 Mich. 507; *Harris* v. *Castile Mining Co.,* 222 Mich. 709; *Trice* v. *Orchard Farm Pie Co.,* 281 Mich. 301.

In the case at bar, there is evidence to sustain the finding of facts by the department. Dr. A. M. Sterling, a witness produced by the defendant, testified as follows:

"*Q.* Did you examine him in 1938?
"*A.* March, 1938.
"*Q.* What did that examination disclose?
"*A.* The examination disclosed a well-healed fracture of the lower third of the tibia and fibula with slight angulation but good weight-bearing surface. * * *

"*Q.* Does it (X-ray) show where the original fracture was?
"*A.* Yes.
"*Q.* Does it show it is healed?
"*A.* Shows a perfectly healed fracture.
"*Q.* Well, Doctor, from your examination in March and your opinion, should this man be able to do the regular work of a laboring man?
"*A.* Yes, sir, I released him for work sometime in March, for any and all kinds of work, March 29th."

The record supports the finding of the department and the award is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred. BUTZEL, J., did not sit.