DONAHOE *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—STENOGRAPHER—FINGER INJURY—DISABILITY IN SKILLED EMPLOYMENT—RECORD.

Finding by department of labor and industry that plaintiff, skilled as a stenographer and typist, was, by reason of an accidental injury to his finger, disabled from performing such skilled employment *held*, fully justified under record showing that plaintiff was continued in defendant's employ at other work than he had previously done and in a different department at salary previously paid him, which was more than normally paid for such work, and that after layoff because of lack of work in latter department plaintiff had no earnings in his skilled capacity and the disability continued.

2. SAME—EARNING CAPACITY—SKILLED EMPLOYMENT—MAXIMUM AWARD—PARTIAL DISABILITY.

Award of maximum compensation payable to stenographer and typist whose finger was injured is not invalidated by failure of department of labor and industry to find the exact amount in which or the exact extent to which his earning capacity in his skilled employment was impaired where plaintiff was unquestionably somewhat impaired in such capacity and record is not persuasive that his earning capacity in any type of employment together with the amount awarded was in excess of earning capacity prior to the injury, notwithstanding that defendant continued plaintiff in its employ for a time at former salary but at different work for which such salary was an admittedly artificial rate (2 Comp. Laws 1929, §§ 8426, 8427 [e]).

3. SAME—FINDING OF FACT—EVIDENCE—SUPREME COURT.

Department's finding of fact that stenographer's earning capacity was impaired by reason of injury to finger, being supported by testimony, is final and binding on Supreme Court upon appeal (2 Comp. Laws 1929, § 8451).

4. SAME—FINDING OF DEPARTMENT—LOSS OF EARNING CAPACITY IN SKILLED EMPLOYMENT.

Finding of department of labor and industry that stenographer and typist who sustained an accidental injury to his finger

arising out of and in the course of his employment sustained a loss in his earning capacity in his skill as a stenographer and typist rather than finding of mere loss of skill *held*, sustained by record wherein award of maximum compensation was made to plaintiff for period commencing with layoff from employment after transfer to another department in which he was engaged in clerical work not involving exercise of skill for which he was previously qualified and for which he was paid at previous wage although that was more than was normally paid for such clerical work (2 Comp. Laws 1929, §§ 8426, 8427 [e]).

Sharpe, Chandler, and Wiest, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted June 7, 1940. (Docket No. 62, Calendar No. 41,016.) Decided December 10, 1940. Rehearing denied February 7, 1941.

Grover J. Donahoe presented his claim against Ford Motor Company, employer, for compensation for accidental injuries. Award to plaintiff. Defendant appeals. Affirmed.

*Drexelius, Helper & Marks,* for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

North, J. Plaintiff, April 5, 1939, filed an application for the adjustment of compensation for an injury which occurred September 16, 1936. The accident happened by his getting the second finger of his left hand caught in a swinging door in the auditing department of defendant company, tearing out the nail and necessitating its complete removal at the hospital, mashing the pad on the fingertip and making it impossible to use a typewriter except for very short periods. Defendant filed an answer denying on all statutory grounds plaintiff's right to recover. Plaintiff continued working in the audit-

ing department of the defendant company until April 12, 1937, at the same salary, but prior to April 1, 1937, he did no work on a typewriter. When he attempted typewriting it was found his finger pained him. At his request and on recommendation of defendant's doctor, plaintiff was transferred on April 12, 1937, to the disbursing department of the defendant company at the same wages, $220 a month, he received while in the auditing department. The matter came on for hearing. The department found:

"That plaintiff has a physical impairment as a result of the accident which prevents him from engaging in his skill as a stenographer and typist is unquestionably established. Also, it is clear that the work plaintiff has been doing since the accident has been of a general clerical nature. * * * However, * * * it was not the skilled work in which plaintiff was employed at the time of the accidental injury. Plaintiff has suffered a loss directly attributable to the accident as far as his skill is concerned. Based on the record, we must conclude that plaintiff cannot compete in the open market of stenographers and typists. The employment in which the workman is engaged at the time he is injured is the standard used to determine whether or not there has been a loss in earning capacity. Though plaintiff has not suffered a loss in actual wages, inasmuch as he was retained at his former salary, while he worked in the disbursement department, yet he has suffered a loss in his earning capacity in his skill. He is, therefore, entitled to compensation of $18 per week for partial disability from May 28, 1938, until the further order of the department."

Appellant's contention is that the award should be vacated on the ground that it is contrary to the provisions of 2 Comp. Laws 1929, § 8427 (e) (Stat.

Ann. § 17.161 [e]), in that compensation was allowed to plaintiff "for an injury sustained while doing skilled work, when the record conclusively establishes and the department has determined that his earning capacity in other employment is equal to his earnings at the time of the accident." The cited statute reads:

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent *the proportionate extent of the impairment of his earning capacity in the employment in which he was working* at the time of the accident, the same to be fixed as of the time of the accident, but to be determined in view of the nature and extent of the injury: Provided, The compensation payable, when added to *his wage-earning capacity after the injury in the same or another employment,* shall not exceed his average weekly earnings at the time of such injury."

The date from which the department awarded compensation, May 28, 1938, was the date when plaintiff's employment by defendant ceased in consequence of a layoff. His petition for compensation was filed April 5, 1939. It is a fair inference from the record that plaintiff was out of employment after May 28, 1938. No claim is made that plaintiff was gainfully employed after he was laid off by defendant. On this appeal appellant does not challenge the facts found by the department to the following effect: that at the time of plaintiff's injury he was engaged in skilled employment and that his injury arose out of and in the course of his employment. Instead, appellant's sole contention is that the award of "$18 per week for partial disability from

May 28, 1938," is in violation of the quoted statute, particularly the provision that compensation when added to the employee's "wage-earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

We are not in accord with appellant's assertion in its brief that "the record conclusively establishes and the department has determined that his (plaintiff's) earning capacity in other employment is equal to his earnings at the time of the accident;" nor does a fair reading of this record sustain appellant in its contention that "the department has found that the only loss which plaintiff has sustained is *a loss of skill.*"

It is true that subsequent to plaintiff's injury, at his request and on the recommendation of defendant's doctor, plaintiff was transferred to and employed in defendant's disbursing department; and that he continued while so employed to receive the same wages of $220 per month as he was receiving in defendant's auditing department when he was injured. But the record discloses that defendant's other employees in the disbursing department were receiving less than $220 per month, and that the reason for continuing this rate of pay to plaintiff was because that was the amount of his earnings in the department from which he was transferred, and the department properly found: "Except for three days of three or four hours each when he (plaintiff) was loaned to the invoice department, he did no stenographic or typing work." It does appear that at no time since plaintiff's injury has he been engaged to any extent in the work in which he was skilled, *i. e.,* as a stenographer and typist. While the work which plaintiff did in defendant's disbursing department was not made work, nonetheless it

was not the skilled employment for which plaintiff before his injury was qualified, nor were the wages he received the wages normally paid for the type of work he did in defendant's disbursing department. Under such a record the department was fully justified in finding, as it clearly did, that plaintiff's earning capacity in his skilled employment was impaired by his injury. Especially is this true since the record discloses that during practically a period of a year after plaintiff's employment was terminated by defendant he not only had no earnings in his skilled capacity but that his disability continued. Doctor Klebba, one of defendant's witnesses at the hearing, testified that he was of the opinion plaintiff could not do constant typing, and: "as a typist where rapidity is required, he is more disabled than he is as a stenographer."

While the department made no specific finding as to the exact amount in which or the exact extent to which plaintiff's earning capacity as a stenographer and typist was impaired, the award made is not invalidated thereby. At the time of his injury plaintiff's wages were $50.77 a week. Under the statute (2 Comp. Laws 1929, § 8426 [Stat. Ann. § 17.160]) the maximum compensation was $18 per week; and the amount awarded could not be such as when added to his earning capacity after the injury in the same or other employment would exceed his former average weekly earnings of $50.77. 2 Comp. Laws 1929, § 8427 (e) (Stat. Ann. § 17.161 [e]). Hence it is a fair, if not a necessary, inference that the department found at the time of the hearing plaintiff did not have an earning capacity in excess of $32.77 per week. Notwithstanding the record does not contain testimony expressed in terms of dollars and cents in support of this conclusion, still there is other testimony as to plaintiff's earning capacity which justifies the department's obvious conclusion

above noted and the award of $18 per week. As above noted the department in its opinion said: "Based on the record, we must conclude that plaintiff cannot compete in the open market of stenographers and typists." For a time defendant continued to employ plaintiff at the same pay in its auditing department, but it became evident that he was incapacitated to continue in his employment as a stenographer and typist Thereupon plaintiff was transferred to the disbursing department and was paid at an admittedly artificial wage rate. But such employment of plaintiff after his injury is not at all persuasive that he had an earning capacity in any type of employment in excess of $32.77 per week. Certainly it is not, as appellant asserts, *conclusive* of unimpaired earning capacity.

The record does not justify appellant's assertion that the department made the basis of its award "wages actually received" rather than the diminution of plaintiff's "wage-earning capacity" at the same or other employment. The finding of fact by the department, which necessarily appears from the context of its opinion, that plaintiff's earning capacity was impaired is supported by testimony, and is final and binding on this Court upon appeal.[*] *Smith* v. *Pontiac Motor Car Co.,* 277 Mich. 652.

Hereinbefore we have noted that a fair reading of the record does not sustain appellant's contention that "the department has found that the only loss which plaintiff has sustained is *a loss of skill.*" It is true that the department in its opinion said: "That plaintiff has a physical impairment as a result of the accident which prevents him from engaging in his *skill* as a stenographer and typist is unquestionably established. * * * Plaintiff has

---

[*] See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—REPORTER.

suffered a loss directly attributable to the accident as far as his *skill* is concerned * * * he has suffered a loss in his earning capacity in his *skill.*'' Clearly the thought which the department sought to convey was that plaintiff had suffered a loss of earning capacity in his *skilled* occupation as a stenographer and typist. To construe the department's holding to mean that the award was for loss of skill only and without regard to the impairment of plaintiff's earning capacity, is wholly unjustified in the light of a fair reading of the whole of the department's opinion.

The award is affirmed. Costs to appellee.

BUSHNELL, C. J., and MCALLISTER and BUTZEL, JJ., concurred with NORTH, J.

WIEST, J. (*dissenting*). September 16, 1936, plaintiff was in the employ of defendant company as a stenographer and typist in its auditing department at Dearborn. That day the tip of the second finger of his left hand was caught in a swinging door, tearing out the nail and injuring the pad at the tip of the finger. He lost no time but thereafter, on account of the injury, claims he could not operate a typewriter because the finger was sensitive and caused him pain when striking keys. He continued in the office work, without diminution of pay, for some time and then, at his own request in April, 1937, he was placed in the disbursement department and his former pay continued. He remained there until in May, 1938, when, on account of lack of work in that department, he was, with others, laid off. His work in the disbursement department was regular in its course, not made work, and plaintiff was capable and fully performed the same.

April 5, 1939, plaintiff filed an application for compensation. Defendant denied disability of plaintiff and alleged the claim barred by statute, 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).

Defendant had knowledge of the injury to plaintiff's finger but made no report of the accident and, therefore, cannot invoke the statute of limitations which, by its express terms, does not commence to run until a report of the accident is made by the employer.

The department awarded plaintiff "$18 per week for partial disability from May 28, 1938, until the further order of the department." This award was based upon the finding that:

"The work plaintiff has been doing since the accident has been of a general clerical nature. It is equally clear that this clerical work was required and was not 'made' work or favored employment. However, as already indicated, it was not the skilled work in which plaintiff was employed at the time of the accidental injury. Plaintiff has suffered a loss directly attributable to the accident as far as his skill is concerned. Based on the record, we must conclude that plaintiff cannot compete in the open market of stenographers and typists. The employment in which the workman is engaged at the time he is injured is the standard used to determine whether or not there has been a loss in earning capacity. Though plaintiff has not suffered a loss in actual wages, inasmuch as he was retained at his former salary while he worked in the disbursement department, yet he has suffered a loss in his earning capacity in his skill."

Plaintiff's wage-earning capacity after the injury, in clerical work, inclusive of some operation of a typewriter, appears from his employment for many

months by defendant in the regular course of such work and his desire and ability to so continue.

The department was in error in basing the award on "a loss directly attributable to the accident as far as his skill is concerned."

The statute, 2 Comp. Laws 1929, § 8427, subd. (e) (Stat. Ann. § 17.161, subd. [e]), relative to impairment of earning capacity occasioned by an injury, provides:

"The compensation payable, when added to his wage-earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

Under this record plaintiff's wage-earning capacity continued without diminution until business conditions occasioned his lay-off.

The finger has healed, a new nail has grown and his present difficulty, if any, is not by reason of an impaired finger tip pad but by the effect of the injury upon nerves of the finger.

Upon this record the award should be vacated, with costs to defendant.

SHARPE and CHANDLER, JJ., concurred with WIEST, J. The late Justice POTTER took no part in this decision.