## CLARK *v.* APEX FOUNDRY, INC.

1. WORKMEN'S COMPENSATION—FACTUAL DETERMINATION—REVIEW.

Review by appellate court of factual determinations made by workmen's compensation appeal board is limited to inquiry of whether there is any evidence whatever to support the determination of the appeal board (Const 1963, art 6, § 28; CL 1948, § 413.12).

2. SAME—IMPLIED FINDINGS.

Appellate court may infer that workmen's compensation appeal board impliedly made certain findings of fact, where such findings of fact were not expressly made by appeal board, but were necessary to the disposition of the case as made by the appeal board.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 522, 525, 530.
[2] 58 Am Jur, Workmen's Compensation §§ 530, 532, 534.
[3, 4] 58 Am Jur, Workmen's Compensation §§ 475, 476, 479, 530, 532, 534.
[5] 58 Am Jur, Workmen's Compensation §§ 375, 378.
[6] 58 Am Jur, Workmen's Compensation §§ 375, 378, 384, 475, 532.
[7] 58 Am Jur, Workmen's Compensation §§ 380–382, 475, 532.
[8] 58 Am Jur, Workmen's Compensation §§ 380, 463, 475.

3. SAME—NOTICE OF INJURY—ADEQUACY—IMPLIED FINDING.

An award of compensation by the workmen's compensation appeal board necessarily implies a finding that adequate notice of the injury was given to the employer by the employee, since such a finding is essential to an award of compensation (CLS 1961, § 412.15).

4. SAME—IMPLIED FINDING—REVIEW.

An implied finding of fact by the workmen's compensation appeal board must be affirmed if it is supported by evidence.

5. SAME—NOTICE—SUFFICIENCY.

Notice to the employer of an injury to an employee, to be sufficient under the workmen's compensation statute, must be of an injury incurred in the course of employment (CLS 1961, § 412.15).

6. SAME—NOTICE—SUFFICIENCY.

Implied finding by workmen's compensation appeal board of timely notice to employer that employee had incurred an injury in the course of his employment *held*, supported by the record in a case where the claimant testified that he told his foreman he had been injured on the job shortly after sustaining the injury, although he finished the shift that day, that he spent approximately a week at home immediately after the injury, and told his foreman upon his return to work about his injury and how it occurred, and that later, on occasions when he missed a day or two of work because of pain from the injury, he told his supervisors that he had lost time from work because of pain in his back and because his back was hurt on the job (CLS 1961, § 412.15).

7. SAME—TIME OF DISABILITY—FINDING OF APPEAL BOARD.

Implied finding of workmen's compensation appeal board that claimant did not have reason to believe he was disabled by injury incurred in the service of employer until within 3 months preceding the making of his claim for compensation *held*, supported by evidence in the record, where claimant suffered from a back disease of a degenerative type precipitated or accelerated by his accident, his disease gradually worsened in typical fashion after his employment terminated upon sentencing to Federal prison, he worked on the job in which he was injured until the day he went to prison, and only realized the full extent of his disability sometime after the making of his claim for compensation.

8. Same—Filing of Reports—Tolling of Statute of Limitations. Determination of whether statute of limitations contained in the workmen's compensation act was tolled by reason of employer's failure to file report of injury, as required by the act, was rendered unnecessary by an implied finding of the workmen's compensation appeal board that notice of injury had been timely given (CLS 1961, § 412.15; CL 1948, § 413.17).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 January 4, 1967, at Detroit. (Docket No. 771.) Decided October 16, 1967.

Isaac Clark made a claim for workmen's compensation against Apex Foundry, Inc., and Michigan State Accident Fund, its insurer. Award to plaintiff. Defendants appeal. Affirmed.

*Goodman, Crockett, Eden, Robb & Millender,* for plaintiff.

*William J. Nelson,* for defendants.

Levin, J. Defendants' contention on appeal is that the workmen's compensation appeal board erred in finding that plaintiff, Isaac Clark, gave his employer, defendant Apex Foundry, Inc., timely notice of injury and of his claim for compensation.

The appeal board made the following findings:

"The plaintiff had worked for the defendant [Apex] from 1945 to August 9, 1961. His assigned task was operating a machine which deposited sand onto a mold with force and pressure and is referred to as a 'sand slinger'.

"On December 29, 1959, the plaintiff was jerked off of his position on the machine and wrenched his back. He was sent to the office by his foreman where he received some Anacin tablets and although

he had low back pain he was able to complete the work on his shift. The following morning he relates, when he attempted to get out of bed he fell to the floor. He was unable to move and had pain in his lower back. His family doctor was called to the home and he administered injections and pills. The plaintiff remained home for one week. He returned to work thereafter and worked to August 9, 1961. His employment was terminated when he went to prison for operating a liquor still. At prison he presented himself on eight occasions at sick-call complaining of low back pain.

"On release from prison on January 26, 1962, he was told that under a company-union rule he could not get his job back as he had advised the defendant in August that he was going to the hospital when in reality he knew he was being sent to prison. * * *

"There is ample and competent proof that the plaintiff injured himself as heretofore described on December 29, 1959, and we so find as a fact in this case. However, the injury did not disable the plaintiff immediately. It may have distressed him but he fails to show a definite date or dates of disability up until August 9, 1961, when he went to prison. He has not shown that he was disabled when in prison, but he was having difficulty with his back.

"Now, as of January 26, 1962, he cannot return to work for reasons related to his untruthfulness. The matter does not stop here however. He says he can't undertake other employment because of his back pain and he has medical testimony to support him." *Clark* v. *Apex Foundry, Inc.*, 1965 App Bd Dec, p 296.

Clark was awarded compensation for the period commencing January 26, 1962 (subject to limitations stated in the opinion of the appeal board), and for the one week he was off work following his injury on December 29, 1959,

This being an appeal from the workmen's compensation appeal board, our consideration of Apex's contention on appeal is limited to inquiry whether there is "any evidence whatever"[1] to support a determination that Clark complied with the requirements of section 15 of part 2 of the workmen's compensation act (PA 1912 (1st Ex Sess), No 10, as amended; CL 1948, § 411.1 *et seq.* [Stat Ann 1960 Rev § 17.141 *et seq.*]), which requires (in relevant part)[2] that the employer receive notice of the employee's injury within 3 months after the happening thereof and that claim for compensation be made within 3 months after the disability develops or makes itself apparent to the injured employee.

The appeal board made no express finding as to the adequacy of notice. Nevertheless, since a finding thereon for Clark is essential to an award of compensation, we are warranted in concluding the appeal board impliedly found that Apex received proper notice and must affirm such implied finding if it is supported by evidence. See *Trice* v. *Orchard Farm Pie Company* (1937), 281 Mich 301, 305, where the Supreme Court stated it was a "necessary inference" from the finding denying compensation that it had been found that a certain report had been properly filed by the employer, because otherwise

---

[1] *Thornton* v. *Luria-Dumes Co-Venture* (1956), 347 Mich 160, 162; *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461, 466; CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186); Const 1963, art 6, § 28.

[2] "In all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 3 years from the date the personal injury was sustained." CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165).

the statutory limitation there relied on to deny compensation would not have been applicable; and *Ganges School District No. 4* v. *Smith* (1951), 330 Mich 254, 259, where the Supreme Court stated that a finding that the workmen's compensation act is applicable is "inherent" in an award of compensation; and *Donahoe* v. *Ford Motor Co.* (1940), 295 Mich 422, 427, 428, where the Supreme Court inferred from the amount of the award a finding as to the employee's earning capacity.[3]

We recognize that notice of injury is not enough—the notice must be of an injury incurred in the course of the employment.[4]

In our opinion the record[5] supports the implied finding of timely notice to Apex that Clark had incurred an injury in the course of his employment.

---

[3] See, also, *Banks* v. *Packard Motor Car Company* (1950), 328 Mich 513, 517.

[4] "Workmen's compensation, however, is not health insurance; it was not intended to compensate for disability through sickness or disease not caused by an accidental injury arising out of and in the course of employment. The notice required to be given to the employer is notice of an accidental injury arising out of and in the course of employment." *Gumtow* v. *Kalamazoo Motor Express* (1934), 266 Mich 16, 19. See *West* v. *Northern Tree Co.* (1961), 365 Mich 402; *Coates* v. *Continental Motors Corporation, supra.* See also *Shaw* v. *General Motors Corporation* (1948), 320 Mich 338, 348, where the Supreme Court in addition stated that knowledge of a foreman and representatives in charge of the first aid department where an injured employee is treated will be regarded as knowledge of the employer.

[5] Clark testified:

"*Q.* Did you finish the shift after that?

"*A.* I did, but I went into the shift before I finished and got some Anacins and I finished the shift, I did.

"*Q.* Did you tell anybody about it that day?

"*A.* Yes, I did; I told the foreman. * * *

"*Q.* When you came back [Clark spent approximately a week at home after the injury], did you have any discussion with this Mr. Rufford [the foreman] about how you hurt your back?

"*A.* Yes, I did.

"*Q.* And what did you tell him?

"*A.* I told him when I got off balance there, I felt a sharp pain in my back, the lower part of my back.

"*Q.* The same thing you told him before?

"*A.* That's the truth."

We are also satisfied, contrary to appellants' principal contention, that there is evidence justifying the appeal board's finding that Clark's disability did not develop or make itself apparent to him until after he was discharged from prison.

Clark was discharged from prison on January 26, 1962. His application for hearing and adjustment of claim was received by the department on February 16, 1962, and a copy was mailed to Apex on March 7, 1962.

Apex contends the application for hearing and adjustment is subject to the interpretation that Clark therein stated he was disabled on August 9, 1961, and argues that Clark was, therefore, aware of his disablement on that date, and, accordingly, claim for compensation served in March of 1962 was too late. We do not so read the application, and also note it is undisputed that Clark worked on the sand slinger through August 9, 1961, and he left Apex's employ on that date because he was sentenced to jail and not because it was known he had become disabled.

In substance Clark testified:

— he did not know whether he would have been able to work on the sand slinger during the period he was in prison had he been on the job at Apex rather than incarcerated;

---

There was also testimony that Clark missed 45 days of work, a day or two at a time, beginning January, 1961, through August, 1961, due to his back injury; that he left work approximately eight times after he had reported for duty because of back trouble; that he always informed the foreman that he was doing so; and that he had asked on two occasions for transfer to lighter duty due to his back trouble.

"*Q.* Did you tell them when you lost these days from work, at this time, that the reason you were off these separate days was because of your back and because the back was hurt on the job?
"*A.* Yes, I did."

— while he was in prison he did not do strenuous work; he was assigned to the counting and boxing of eggs;

— when he was in prison he did not think he was disabled from his old job on the sand slinger (this in response to a question put to him on cross-examination);

— he reapplied for the job when he was discharged from prison and did not realize the full extent of his disability until some time during the summer following filing with the department of his application for hearing and adjustment.

There was medical testimony that it was not possible to pinpoint the date of his disablement with greater accuracy. It appeared Clark was suffering from a back disease of a degenerative type precipitated or accelerated by the accident and that the gradual worsening of his condition as described by him was typical of the disease.[6]

Thus, there was evidence to support the appeal board's finding that Clark was not disabled while he was in prison and the implied finding that during the 3-month period preceding receipt by Apex of Clark's claim for compensation he did not have "reason to believe"[7] he was disabled by the injury incurred while in the employ of Apex.

Apex relies on *LaRosa v. Ford Motor Co.* (1935), 270 Mich 365, where the court, acknowledging that claim for compensation may be oral, held the testimony there relied on to evidence the oral claim for compensation was inadequate. Here the challenge is to the timeliness, not the adequacy, of the claim.

Our decision makes it unnecessary for us to consider Clark's assertion that Apex's failure to

6 Compare *Finch* v. *Ford Motor Company* (1948), 321 Mich 469, 475: "Many diseases * * * often follow an insidious course and may not be discoverable until a long time after it is contracted."

7 See *Gotich* v. *Kalamazoo Stove Company* (1958), 352 Mich 88, 93.

file certain reports which Clark claims were required
to be filed by Apex in accordance with administrative
rules of the workmen's compensation department,
makes operative the penultimate sentence of section
15 of part 2 of the act, CLS 1961, § 412.15 (Stat Ann
1960 Rev § 17.165), providing that the act's statute
of limitations is tolled upon failure to report injury
to the department as required by the act. See CL
1948, § 413.17 (Stat Ann 1960 Rev § 17.191).

Affirmed. Costs to plaintiff.

LESINSKI, C. J., and HOLBROOK, J., concurred.