LAMB *v* JOHN'S TAVERN

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDINGS OF FACT—SCOPE OF REVIEW.

   The findings of fact of the Workmen's Compensation Appeal Board are binding on appeal where there is any evidence in the record to support them and where the appeal board indicates the testimony it adopted, the standard it followed, and the reasoning it used in reaching its conclusion.

2. WORKMEN'S COMPENSATION—FINDINGS OF FACT—EXPLANATION.

   The Workmen's Compensation Appeal Board committed reversible error in denying compensation by merely concluding, without explanation, that there was no evidence in the file on which to base a grant of benefits where the file does contain some evidence that supports the granting of compensation.

3. WORKMEN'S COMPENSATION—JOB-RELATED INJURY—DISABLING NEUROSIS—PRE-EXISTING CONDITION.

   An injury is compensable by workmen's compensation when it is

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 58 Am Jur, Workmen's Compensation § 530.
[3] 58 Am Jur, Workmen's Compensation § 247.

the unexpected result attending the operation or performance
of a usual or necessary act or event; this includes injury to
the body or nervous system which produces a disabling
neurosis, and such injury is compensable even when a plain-
tiff is predisposed towards it, if the injury aggravates a pre-
existing condition to the disability or precipitates disabilty.

### DISSENT BY DANHOF, P. J.

4. WORKMEN'S COMPENSATION—FINDING OF FACT—APPEAL AND
ERROR.

*An appellate court should not reverse a decision of the Workmen's
Compensation Appeal Board even where the appeal board
failed to set forth their findings of fact in detail where
the appeal board made a factual determination that plain-
tiff's proof was not persuasive enough to sustain a granting
of an award.*

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 November 2, 1971, at
Lansing. (Docket No. 10691.) Decided January 19,
1972.

Marjorie A. Lamb presented her claim against
John's Tavern and the State Accident Fund for
workmen's compensation. Compensation denied.
Plaintiff appeals. Reversed and remanded.

*Sloan & McCarthy* and *O'Connor & Feldman,* for
plaintiff.

*Lynn H. Kanaga,* for defendants.

Before: DANHOF, P. J., and BRONSON and TARGON-
SKI,* JJ.

BRONSON, J. On or about January 19, 1968, plain-
tiff, while performing her normal duties at John's

---

* Former circuit judge, sitting on the Court of Appeals by as-
signment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Tavern, where she was employed as manager and waitress, felt a soreness in her arm. Several days later she saw Dr. Schimnoski, who prescribed medication. Plaintiff was admitted to the hospital February 5, 1968. She gave a history showing no known injury or strain, but did remember lifting a beer keg on the day she felt the soreness. Such lifting was in the normal course of her duties. Her history also indicated that she had been unconscious for eight hours following a fall in 1966, and had undergone surgery on two occasions. On plaintiff's discharge from the hospital, Dr. Schimnoski diagnosed her problem as a shoulder-hand syndrome and commented that her job was related to her symptom.

Subsequent evaluations failed to establish a physical cause for plaintiff's disability. A Dr. Kingsley, however, felt that there was "marked emotional overlay" and recommended a psychiatric examination. Plaintiff was then examined by a Mayo Clinic psychiatrist, Dr. Moore. His evaluation, related in a letter from Dr. A. B. Hagedorn of the Mayo Clinic, was that plaintiff was suffering a "conversion reaction". Dr. Moore also suggested that plaintiff return to work and that all legal matters pending be settled. The Workmen's Compensation Referee found for plaintiff. The Workmen's Compensation Appeal Board reversed. The majority found:

"Based upon the inability of a number of attending physicians to diagnose the nature and cause of plaintiff's symptomatology and in agreement with Dr. Moore's diagnosis it is our opinion that Mrs. Lamb's pain which has persisted unabated since January 19, 1968, had its origin in a pre-existing emotional distress which manifested itself in her present symptomatology. We find no evidence in the file of this case which would allow us to deter-

mine that Mrs. Lamb's emotional distress either had its origin or was aggravated in any manner by her work at John's Tavern. We therefore find that any disability that Mrs. Lamb may presently suffer is not causally related to her work. We therefore, reverse the referee's decision."

This Court must affirm if there is any evidence in the record to support findings made by the Workmen's Compensation Appeal Board. *Lemanski* v. *Frimberger Co.* (1971), 31 Mich App 285; *Litwin* v. *Difco Laboratories, Inc.* (1970), 28 Mich App 132; *Clark* v. *Apex Foundry, Inc.* (1967), 7 Mich App 684. In exercising our appellate function, however, we must have more than conclusionary statements to review. We must know how the board reached its conclusions. This Court has stated that "the appeal board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion". *McClary* v. *Wagoner* (1969), 16 Mich App 326, 328.

The appeal board majority opinion is based on conclusions without reasons. It accepts Dr. Moore's diagnosis without explanation and then concludes that there is *"no evidence* in the file of this case which would allow us to determine that Mrs. Lamb's emotional distress either had its origin or was aggravated in any manner by her work at John's Tavern". (Emphasis added.) The record indicates that such evidence does exist. Dr. Schimnoski thought the plaintiff's soreness was work related; plaintiff to the same effect; and Dr. Moore's evaluation indicates the problem could be related to plaintiff's work and to this litigation. If the board had chosen to accept this evidence, it could have found that the emotional distress was work related. While it is not our function to weigh evidence before the appeal board, we believe the board should attempt to

explain its decisions based on all the evidence before it. See 3 Larson, The Law of Workmen's Compensation (1971), § 80.20, p 264.

It seems to us that the standard used by the majority to determine whether plaintiff's injury is compensable is unclear. The majority seems to assume that a finding of conversion reaction necessarily precludes a finding that plaintiff's pain is work related. This is not necessarily so. *Redfern* v. *Sparks-Withington Co.* (1958), 353 Mich 286. An injury is compensable when it is "the unexpected result attending the operation or performance of a usual or necessary act or event". *Sheppard* v. *Michigan National Bank* (1957), 348 Mich 577, 580. This includes injury to the body and/or nervous system which produces a disabling neurosis. Such injury is compensable even when a plaintiff is predisposed towards it if the injury aggravates a pre-existing condition to the disability or precipitates disability. *Redfern* v. *Sparks-Withington Co., supra*, at 299.

In returning this case to the Workmen's Compensation Appeal Board, we are not unmindful of our proper function as an appellate court. But in any appeal from an administrative board to our Court where conclusions are stated without reason, we should never hesitate to remand.

The order of the appeal board is vacated and the cause remanded for reconsideration consistent with this opinion.

Targonski, J., concurred.

Danhof, P. J. (*dissenting*). I must respectfully dissent from the opinion of the majority because I believe they have misunderstood the function of the appellate court in reviewing decisions of the Work-

men's Compensation Appeal Board. MCLA 413.12;
MSA 17.186, states:

"The findings of fact made by the compensation
commission acting within its powers, shall, in the
absence of fraud, be conclusive, but the supreme
court shall have power to review questions of law
involved in any final decision or determination of
said compensation commission."

Recently the Supreme Court in *Koschay* v *Barnett
Pontiac, Inc*, 386 Mich 223 (1971), carefully restated
the function of an appellate court. They said at p
225: "The question whether a workman is injured
by an accident arising out of and in the course of his
employment may be a question of law or one primar-
ily of fact, or a mixed question of law and fact."
Applying that standard to the instant case, we find
that whether plaintiff suffered a compensable injury
became, by the proofs, a question of fact. In *Kos-
chay, supra,* the Supreme Court said at p 226:

"The appeal board therefore, depending upon its
view of such proofs, was entitled to conclude either
way; that the claimant's disability was compensable,
that is, work-connected, or that it was not. The
board found against the burden-bearing claimant.
Now that he is here for judicial review, he must to
sustain his appeal establish *to our satisfaction* that
there was no question of fact and that the proof
entitled him to an award *as a matter of law*. There
is no alternative; no room as we shall see for con-
tention that the appeal board reached its conclusion
without supporting proof or permissible inference
from proof.

"In that regard his situation is much more difficult
on appeal than it would have been had the board
found factually what it expressly said it could not."

The Supreme Court then recited the decision of
the appeal board in *Koschay*. The last two para-

graphs of said decision are of particular importance.
*Koschay*, p 229.

" 'The record does not adequately establish plain-
tiff's continued disability and we find that whatever
disability he may still have is not causally connected
with his employment.   We say this whether ap-
proached as a Part VII injury or under Sec. 1, Part
II with application of *Zaremba* v *Chrysler Corpo-
ration*, 377 Mich 226 (1966), because we cannot find
that plaintiff was doing normal work in a normal
way and that particular work activity precipitated
the heart attack.   No condition of employment here
occasioned injury and disability.

" 'After careful review of the entire voluminous
record we are unable to find that plaintiff-appellee
received a personal injury arising out of and in the
course of his employment by the defendant-appel-
lant on May 18, 1966.' "

Note the similarity to the instant case where the
majority of the appeal board said:

"Based upon the inability of a number of attend-
ing physicians to diagnose the nature and cause of
plaintiff's symptomatology and in agreement with
Dr. Moore's diagnosis it is our opinion that Mrs.
Lamb's pain which has persisted unabated since
January 19, 1968, had its origin in a pre-existing
emotional distress which manifested itself in her
present symptomatology.   We find no evidence in
the file of this case which would allow us to deter-
mine that Mrs. Lamb's emotional distress either had
its origin or was aggravated in any manner by her
work at John's Tavern.   We therefore find that any
disability that Mrs. Lamb may presently suffer is
not causally related to her work."

In *Koschay, supra,* p 230, the Supreme Court said
further,

"The primary function of the appeal board is that of finding what to it are the controlling facts. It is plain from its opinion that the board reached understandable conclusion that there was no proof persuasive enough to sustain the plaintiff's burden of making a *prima facie* case of right to an award. * * * Too, the board must have known that it, the appointed fact-finder in workmen's compensation cases, was not obliged to accept or extend verity to any expert opinion and that all it needed to say about Dr. Winkler's opinions was that the facts offered to support them were too weak."

Applying the above to the instant case I discern no distinguishing features which will allow us to remand this matter for further determination by the appeal board. While the facts could have been set forth in more detail,[1] it is my opinion that the appeal board made a factual determination and that there was no proof persuasive enough to sustain the plaintiff's burden of making a *prima facie* case of a right to award.

I would therefore affirm.

---

[1] See *Koschay*, p 230, wherein the Supreme Court advised the appeal board to concentrate on its fact-finding duties.