VAN EPS *v.* SLIGH FURNITURE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS OF
PART OF PHALANGE OF FINGER.

> Loss of three-fourths of distal phalange of index finger is not loss
> of one-half of finger within meaning of workmen's compensa-
> tion act, providing that loss of first phalange shall be con-
> sidered equal to loss of one-half of finger, and therefore com-
> pensation for said injury is governed by provision for dis-
> ability; there being no specific award therefor (2 Comp. Laws
> 1929, § 8426).

Certiorari to Department of Labor and Industry.
Submitted January 12, 1932. (Docket No. 103, Cal-
endar No. 36,178.) Decided March 2, 1932.

Bert J. Van Eps presented his claim against
Sligh Furniture Company, employer, and Furni-
ture Mutual Insurance Company, insurer, for an
accidental injury. Award to plaintiff reversed, and
remanded for proper award.

*Francis D. Campau,* for defendants.

POTTER, J. Certiorari to the department of labor
and industry to review an award granting plaintiff
compensation for the loss of one-half of his index
finger. The proof showed plaintiff lost three-
quarters of the distal phalange of his index finger,
which the commission held amounted to the loss of
a phalange, and, under the statute, equal to the loss
of one-half of such finger. If *Fanning* v. *W. E.
Wood Co.,* 255 Mich. 618, is to stand as the law, the
department of labor and industry was in error in

---

On what amounts to loss of phalanges within meaning of work-
men's compensation act, see annotation in 18 A. L. R. 1354.

making this award. The case last above cited correctly states the rule. The reason therefor is that the case does not fall within the schedule of compensation applicable to specific cases fixed by 2 Comp. Laws 1929, § 8426. We cannot enlarge the language of the schedule. We cannot make the statute read, "The loss of a major portion of the first phalange of any finger shall be considered to be equal to the loss of the first phalange and equal to the loss of one-half of such finger." Cases not falling within the language of the specific schedule are governed by the first paragraph of 2 Comp. Laws 1929, § 8426. The award of the department of labor and industry is set aside, and the cause remanded for disposition in accordance herewith.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.