JOHNSON *v.* CLEVELAND-CLIFFS IRON COMPANY.

1. WORKMEN'S COMPENSATION—AMPUTATION OF PART OF DISTAL PHALANGE.

   The amputation of 3/4 of the distal phalange of the middle finger constitutes the specific loss of the entire phalange within the meaning of the specific-loss provisions of the workmen's compensation act (CL 1948, § 412.10, as amended by PA 1949, No 238).

2. SAME—REMAND—UNDECIDED QUESTIONS—REPORTS—CLAIM FOR COMPENSATION.

   Remand of case to workmen's compensation appeal board is ordered for determination of whether the employer had filed a report of the accident that was sufficient to serve the purpose of starting the running of the statute of limitations which limited the period for the employee filing his claim for compensation, and whether the plaintiff employee had filed a timely report, where such issues had been duly raised but not passed on by the appeal board (CL 1948, § 412.15).

Appeal from Workmen's Compensation Appeal Board. Submitted April 8, 1959. (Docket No. 22, Calendar No. 47,954.) Decided June 6, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 242 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 326, 409 *et seq.*

Carl O. Johnson presented his claim against the Cleveland-Cliffs Iron Company for compensation for specific loss of portion of finger. Claim denied. Plaintiff appeals. Remanded for further determination.

*Aaron Lowenstein,* for plaintiff.

*Davidson & Clancey (Walter L. Hansen,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff's claim is for compensation for specific loss of the distal phalange of the middle finger of his left hand. Amputation of 3/4 of it was necessitated by an injury arising out of and in the course of his employment. The workmen's compensation appeal board denied compensation for specific loss of the entire phalange under the holdings of this Court in *Fanning* v. *W. E. Wood Co.,* 255 Mich 618, and *Van Eps* v. *Sligh Furniture Co.,* 257 Mich 112. Since then, a majority of this Court, in an opinion not shared by this writer, overruled those cases and held such loss to constitute the loss of the entire phalange within the meaning of the specific-loss provisions of the statute.* *Palazzolo* v. *Bradley,* 355 Mich 284. That must be considered conclusive now of that question in this case.

Defendant urges, in defense of the appeal board's denial of compensation for specific loss, that because the amputation occurred July 13, 1951, and no claim for compensation for specific loss was made until December 4, 1957, more than 6 years later, plaintiff is barred from recovery by virtue of the provisions of CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165), requiring a claim to be made within 6

---

* See CL 1948, § 412.10, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.160).—REPORTER.

months after injury, and because of unreasonable delay as defined in *Henderson* v. *Consumers Power Co.*, 301 Mich 564, and *Napolion* v. *National Concrete Metal Forms Corp.*, 279 Mich 668. This issue was duly raised below, but the appeal board did not pass on it, having denied compensation on the ground first above considered. To this defense plaintiff says a number of answers suggest themselves. One of them may possess merit. It is that, in plaintiff's words, "no report sufficient under the statute to start limitations was filed." Plaintiff relies on the provision of the above-mentioned section of the statute that the limitation shall not start to run against the employee's claim until the employer has filed a report of the injury with the commission as required by statute. In that connection plaintiff cites *Weenink* v. *Allen Electric & Equipment Co.*, 276 Mich 561, and *Baughman* v. *Vicker's, Inc.*, 323 Mich 710, for the proposition that an employer's filing of an incomplete or incorrect report will not serve the purpose of starting the limitation to run. Plaintiff says the employer's report here filed was incomplete and misleading in that it did not disclose all the facts of plaintiff's injury and loss. The questions as to plaintiff's failure to make timely claim and defendant's failure to file proper report of injury not having been passed on by the appeal board, the case is remanded for determination thereof.

CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

VOELKER, J., did not sit.