HERRALA v JONES & LAUGHLIN STEEL CORPORATION

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ERROR—ADMINISTRATIVE REVIEW.

  The Workmen's Compensation Appeal Board is not bound by the findings of fact made by a referee, but hears an appeal from a referee's decision *de novo.*

2. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ERROR.

  Findings of fact by the Workmen's Compensation Appeal Board which are supported by competent evidence are beyond the scope of judicial review (MCLA 413.12).

3. WORKMEN'S COMPENSATION—DISABILITY—BACK INJURY—EVIDENCE.

  A finding by the Workmen's Compensation Appeal Board that plaintiff had suffered a compensable disabling back injury was supported by competent evidence where medical testimony showed that as a result of a fall plaintiff had suffered a fractured sacrum, was hospitalized for 12 days, and thereafter was prevented from doing any heavy lifting or pushing.

4. WORKMEN'S COMPENSATION—SEPARATE INJURIES—DOUBLE RECOVERY.

  Allowing workmen's compensation benefits for a second separate disabling injury after benefits for a first disabling injury have been redeemed does not violate the rule that an employee who suffers two concurrent disabling injuries is not entitled to benefits for each injury during the same period of time because that would amount to a double recovery for the single loss of earning capacity.

5. WORKMEN'S COMPENSATION—SEPARATE INJURIES.

  Refusal of the Workmen's Compensation Appeal Board to allow an employer a credit of $5,000 on benefits awarded for plaintiff's 1959 back injury after the redemption of benefits for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 522 *et seq.*
[3] 58 Am Jur, Workmen's Compensation §§ 387, 388.
[4, 5] 58 Am Jur, Workmen's Compensation §§ 295, 320, 429.

plaintiff's 1954 heart attack injury was not error because no statutory authority exists for reducing a workmen's compensation award for one injury by the amount paid in redemption of a separate injury.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 June 15, 1972, at Iron Mountain. (Docket No. 12969.) Decided September 28, 1972.

Werner Herrala presented his claim for workmen's compensation against the Jones & Laughlin Steel Corporation and Insurance Company of North America. Benefits denied. The Workmen's Compensation Appeal Board reversed the referee and awarded benefits. Defendants appeal. Affirmed.

*Bridges & Collins,* for plaintiff.

*Clancey, Hansen & Vielmetti,* for defendants.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. This is a workmen's compensation case. The facts are neither complex nor materially in dispute.

Werner Herrala (hereinafter referred to as the plaintiff) was employed as a laborer by the Jones & Laughlin Steel Corporation. While plaintiff was performing his assigned duties on June 26, 1954, he suffered a heart attack.

Plaintiff returned to work for the defendant as a "dryman" in December of 1954. This position did not require any strenuous physical activity. Plaintiff continued working for the defendant as a dryman until January 13, 1959, when he fell seven or eight feet off a ladder while hanging clothes on

behalf of his employer. As a result of the fall, plaintiff suffered a serious back injury.

In June of 1962, plaintiff filed two applications for workmen's compensation benefits. One claimed disability for the 1954 heart attack, the other claimed a disability as a result of the back injury sustained in 1959.

Plaintiff was awarded compensation benefits for the heart attack injury at a hearing held before a workmen's compensation referee on December 15, 1959. However, compensation benefits were not allowed for the back injury. The referee's decision was based upon *Harrison v Lakey Foundry Co,* 361 Mich 677 (1960), wherein the Supreme Court determined that the Workmen's Compensation Act[1] recognizes only one "wage loss disability" at a time. The referee's ruling was upheld by the Workmen's Compensation Appeal Board.

Late in March of 1965, Traveler's Insurance Company redeemed the plaintiff's 1954 heart injury claim for $5,000. Subsequently, on January 7, 1966, plaintiff again applied for workmen's compensation benefits on his 1959 back injury. The hearing referee found that the back injury had not disabled the plaintiff and refused to grant the plaintiff any compensation. However, the Workmen's Compensation Appeal Board determined that the back injury was disabling and by an opinion dated October 12, 1971, awarded the plaintiff compensation benefits for the back injury.

From the latter decision, the defendants filed an application for leave to appeal, which we granted January 10, 1972.

As the first assignment of error on appeal, defendants contend that the Workmen's Compensation Appeal Board did not have sufficient evidence

[1] MCLA 412.1 *et seq;* MSA 17.151 *et seq.*

to overrule the hearing referee's finding that the plaintiff had not sustained any disability as a result of the back injury. We must disagree.

The Workmen's Compensation Appeal Board is not bound by the findings of fact made by a referee. The hearing on appeal from the referee's decision is *de novo. Fawley v Doehler-Jarvis Division of National Lead Co,* 342 Mich 100 (1955); *Trobaugh v Chrysler Corp,* 38 Mich App 758 (1972). Moreover, when the findings of fact made by the Workmen's Compensation Appeal Board are supported by competent evidence, they are beyond the scope of judicial review. MCLA 413.12; MSA 17.186. *Queen v General Motors Corp,* 38 Mich App 630 (1972); *Lemanski v Frimberger Co,* 31 Mich App 285 (1971); *Williams v Chrysler Corp,* 29 Mich App 398 (1971).

In the case at hand, medical testimony was presented to the appeal board which indicated that as a result of the 1959 fall, plaintiff suffered a fractured sacrum,[2] was hospitalized for 12 days, and would thereafter be prevented from doing any heavy lifting or pushing.

Therefore, in view of the foregoing testimony, it is patent that there was competent evidence presented upon which the appeal board could find that the plaintiff suffered a compensable disabling back injury.

Accordingly, we hold that the Workmen's Compensation Appeal Board did not err by overruling the hearing referee.

The remaining issues relate to the effect of the heart injury redemption upon the plaintiff's back injury claim.

It is the position of the defendants that in view of *Harrison v Lakey Foundry Co, supra,* the plain-

---

[2] The sacrum is located at the posterior of the pelvic girdle.

tiff may not collect for both the heart and back injuries. Again we must disagree with the defendants' contention.

We read *Harrison, supra,* to hold simply that an employee who suffers two concurrent disabling injuries is not entitled to workmen's compensation benefits for each injury during the same period of time since an employee has but one earning capacity to lose at any one time regardless of the number of disabling injuries sustained. In short, *Harrison* seeks to prevent an unjust double recovery for the single loss of earning capacity.

However, nothing in *Harrison* prevents an employee who has sustained two separate disabling injuries from receiving workmen's compensation benefits for the second injury after the claim on the first injury has been redeemed.

After an injury has been redeemed, an employee is not entitled to further workmen's compensation benefits on that particular injury. Therefore, to allow the receipt of workmen's compensation benefits on a second separate disabling injury after the redemption of the first disabling injury is not repugnant to the rule announced in *Harrison* for the reason that under such circumstances there is no double collection of benefits during the same period of time.

Such is the case here. Plaintiff suffered two separate disabling injuries occurring in 1954 and 1959 respectively. The 1954 injury was redeemed in 1965 thereby precluding the receipt of any further compensation on that particular injury. However, since the 1959 injury continued to affect plaintiff's earning capacity adversely, the appeal board awarded compensation benefits to be paid from 1965 to 1968. The plaintiff, as a result of the redemption in 1965, was not receiving any benefits

for loss of earning capacity during this period of time. Although two disabling injuries were involved, plaintiff only collected benefits on one injury during any given period of time. There was no double collection of benefits for the single loss of earning capacity.

We hold, therefore, that the Workmen's Compensation Appeal Board did not err by awarding the plaintiff compensation for the back injury after the heart disability was redeemed.

Finally, the defendants, relying upon *Harrison, supra,* assert that the Workmen's Compensation Appeal Board by granting plaintiff the maximum compensation for the 1959 back injury without a credit for the amounts paid in redemption of the 1954 heart injury permits the plaintiff to recover more than the maximum permitted by statute for a disability. The defendants' reasoning is erroneous.

The question of allowing a credit for an amount paid pursuant to a redemption was neither raised nor decided in *Harrison.* Moreover, there is no statutory authority for reducing a workmen's compensation award for one injury by the amount paid in redemption on a separate injury.

We hold, therefore, that the refusal of the Workmen's Compensation Appeal Board to allow the defendants a credit of $5,000 for the heart injury redemption was correct.

Affirmed.

All concurred.