CARTER v DETROIT BOARD OF EDUCATION

1. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR—DISCRETION—EVIDENCE.

The Workmen's Compensation Appeal Board, on review of a referee's decision, has the discretion to hear additional evidence (MCLA 418.859; MSA 17.237[859]).

2. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR—DE NOVO REVIEW.

The Workmen's Compensation Appeal Board is not bound by the findings of fact made by the referee; the board's review of the referee's decision is *de novo*.

3. APPEAL AND ERROR—WORKMEN'S COMPENSATION—APPEAL BOARD—APPROPRIATE FINDINGS ON ISSUES.

A remand to the Workmen's Compensation Appeal Board is necessary for appropriate findings on an issue where the issue was properly raised but it is not apparent from the record how the board decided it.

4. WORKMEN'S COMPENSATION—INJURY—ARISING OUT OF EMPLOYMENT—BUT FOR TEST.

A "but for" test should be used to determine whether an injury arises out of and in the course of the employment in the consideration of a workmen's compensation claim.

Appeal from the Workmen's Compensation Appeal Board. Submitted November 12, 1975, at Detroit. (Docket No. 22384.) Decided December 4, 1975.

Claim by James Carter against the Detroit

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Workmen's Compensation § 530 *et seq.*

Necessity, form, and contents of findings of fact to support administrative determinations relating to workmen's compensation. 146 ALR 123.

[4] 58 Am Jur, Workmen's Compensation §§ 209 *et seq.*, 473, 510.

Board of Education for workmen's compensation. Award of compensation affirmed by the Workmen's Compensation Appeal Board. Defendant appeals by leave granted. Reversed and remanded to the appeal board for further proceedings.

*Isadore Goldbaum,* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp),* for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

PER CURIAM. This is an appeal from a decision of the Workmen's Compensation Appeal Board [hereinafter referred to as WCAB], which affirmed the referee's order of October 18, 1972. The referee awarded the plaintiff compensation because of a January 16, 1968 injury that caused the dislocation of the plaintiff's shoulder.

After applying for appeal to the WCAB on October 31, 1972, the defendant moved for the taking of additional testimony on September 4, 1974. In its motion, the defendant indicated the following ground:

"1. That the offer of surgery and plaintiff's refusal are undisputed facts and are relevant and material to the disposition of this Workmen's Compensation case."

The defendant further raised and argued this issue to the WCAB in its brief. The WCAB denied this motion on September 16, 1974. The defendant raised a similar motion on October 3, 1974 and the WCAB similarly denied the second motion for the taking of additional testimony on October 17, 1974.

In the record before the WCAB, the only ac-

knowledgment of the surgical-offer issue by the plaintiff was in the plaintiff's brief of August 29, 1974. Therein, the plaintiff took the position that the offer was not properly before the WCAB because the review by the WCAB was limited to the record of the hearing and the decision of the referee, and no surgical offer was made prior to the decision of the referee.

There is no indication in either of the above denials of the defendant's motions that the WCAB addressed itself to the surgical-offer issue. In its final disposition of the case, the WCAB opinion of November 7, 1974 stated in pertinent part:

"It is clear plaintiff is disabled because of the January 16, 1968 injury which resulted in the original dislocation. This type of injury rendered all succeeding dislocations predictable. Conceding, arguendo, that the May 9, 1969 injury in the car was the occasion of the employment, the weight of the evidence inexorably flows back to the original injury date.

\* \* \*

"In all other respects, the order of the Referee is affirmed, there specifically being no record support for stopping compensation on any basis as of the date of hearing (September 25, 1972)."

The first four issues raised on appeal all deal with the alleged surgical offer by the defendant which was rejected by the plaintiff.

The WCAB may hear such additional evidence as in its discretion it may allow. MCLA 418.859; MSA 17.237(859). Further, the WCAB is not bound by the findings of fact made by the referee, but, rather, the review of the referee's decision by the WCAB is *de novo. Herrala v Jones & Laughlin Steel Corp,* 43 Mich App 154, 157; 203 NW2d 752 (1972). Thus, the WCAB may receive additional

facts on the record and draw its own conclusions from them.

In the present case, the WCAB could have heard, in its discretion, such additional testimony as was necessary to determine the plaintiff's just compensation. Therefore, the defendant did properly raise an issue that the WCAB could deal with on review.

Where an issue was properly raised, but it is not apparent from the record how the WCAB decided it, a remand is necessary for an appropriate finding by the WCAB because this Court will not consider it on appeal. *Johnson v Cleveland-Cliffs Iron Co,* 356 Mich 387; 96 NW2d 750 (1959), *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217, 229; 210 NW2d 360 (1973).

As the present record does not indicate how the WCAB decided the surgical-offer question, this Court will not consider the first four issues raised on appeal. The case must be remanded for a decision on that question by the WCAB.

The fifth issue raised by the defendant is whether the WCAB erred by applying an erroneous rule of law to determine whether the plaintiff was disabled as a result of an injury which arose out of and in the course of employment.

*Nemeth v Michigan Building Components,* 390 Mich 734, 735; 213 NW2d 144 (1973), dealt with the sole issue of whether the plaintiff's injury in that case "was an injury 'arising out of and in the course of his employment' ". A careful reading of *Nemeth, supra,* at 736–737, reveals that the court applied a "but for" test to determine whether there was a sufficient nexus between the employment and the injury. See also *Galac v Chrysler Corp,* 63 Mich App 414; 235 NW2d 359 (1975).

In the instant case, the WCAB concluded the

"injury rendered all succeeding dislocations predictable". This appears to be a variation of a foreseeability rule. In light of *Nemeth, supra,* the WCAB clearly applied an erroneous rule of law. However, as the "predictability" test appears to be a stricter test than the "but for" test, it is difficult to see how the defendant will prevail where the plaintiff's injury will be viewed under an easier standard.

The present case is remanded to the WCAB for further proceedings consistent with this opinion.

Reversed. Costs to defendant.