RHODES v CITY OF DETROIT

Docket No. 30925. Submitted June 24, 1977, at Detroit.—Decided September 23, 1977.

James H. Rhodes sought workmen's compensation benefits from the City of Detroit. An award of compensation was made by an administrative law judge. The Workmen's Compensation Appeal Board reversed the award of compensation. Plaintiff appeals. *Held:*

It is necessary to remand to the Workmen's Compensation Appeal Board to obtain the appropriate findings so that a determination can be made whether 1) the claimant is disabled, 2) if so, is the claimant disabled on account of some personal injury, and 3) did the claimant's employment cause, aggravate, accelerate or combine with some internal weakness or disease to produce the personal injury.

Remanded to Workmen's Compensation Appeal Board for further proceedings. The Court of Appeals retains jurisdiction. (The WCAB, after further findings, determined that the claimant was entitled to benefits and affirmed the administrative law judge's earlier award of benefits. In an order of March 16, 1978, the Court of Appeals affirmed the award of compensation by the later decision of the board.)

WORKMEN'S COMPENSATION—PERSONAL INJURY—EMPLOYMENT RE-
LATED DISABILITY—RIGHT TO COMPENSATION—LIABILITY OF EM-
PLOYER.

The decision regarding a disabled employee's right to, and the employer's liability for, compensation for the employee's disability must be resolved by answering three questions to determine whether the condition arose out of employment: (1) is the claimant disabled, (2) if so, is the claimant disabled on account of some personal injury, (3) did the claimant's employment cause, aggravate, accelerate or combine with some internal weakness or disease to produce the personal injury; if affirma-

REFERENCES FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 240 *et seq.*
Injury sustained while attending employer-sponsored social affair as arising out of and in course of employment. 47 ALR3d 566.

tive answers to those questions are supported by the record, the claimant as a matter of law has a personal injury which arose out of employment and compensation must be awarded, but if there is support for a negative answer to any of the questions, compensation may not be awarded.

*Barbara, Ruby, Domol, Bowerman, Miller & Aaron, P.C.,* for plaintiff.

*Roger E. Craig,* Corporation Counsel, and *Thomas L. Walters,* Assistant Corporation Counsel, for defendant.

Before: D. C. RILEY, P.J., and BASHARA and P. R. MAHINSKE,* JJ.

PER CURIAM. Plaintiff appeals a decision of the Workmen's Compensation Appeal Board (WCAB), which reversed an award of compensation to plaintiff made by an administrative law judge.

In a recent case decided by the Supreme Court, *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 (1975), the employee's right to, and the employer's liability for, compensation was discussed vis-a-vis the fact finding and law application process. The right-liability relationship, denominated by the Court as a "jural relation", was found to rest upon application of the legal principle of "whether 'the employment aggravated, accelerated, or combined with the disease or infirmity to produce the * * * disability' ". *Id.* at 476; 232 NW2d at 150, quoting from 1 Larson, Workmen's Compensation Law § 12.20. As to the application of that principle, the Court stated:

"To apply that principle the decision maker must resolve three questions of fact and law:

* Circuit judge, sitting on the Court of Appeals by assignment.

"1) Is the claimant disabled?

"2) If so, is the claimant disabled on account of some 'personal injury'?

"3) Did the claimant's employment aggravate, accelerate, or combine with some internal weakness or disease to produce the personal injury?

"If those questions are answered in the affirmative and supported by the record, the decision maker must then find as a matter of law that the claimant had a personal injury, which arose out of the employment, and that compensation must be awarded.

"By the same token, if there is support for a negative answer to any of the questions, compensation may not be awarded." 394 Mich at 476; 232 NW2d at 150.

Although *Deziel* involved conditions of the employee allegedly in existence prior to employment and aggravated thereby, the "jural relation" referred to by the Court nevertheless obtains where the condition arises during the course of employment. The only distinction is in the principle to be applied. However, this may be accomodated by modifying the principle to include employment-causation. The principle then becomes "whether the employment *caused,* aggravated * * * the * * * disability". Similar modification of the third question listed by the Court in *Deziel* is also required.

From our reading of the "Analysis and Findings" of the WCAB opinion, we cannot determine whether the foregoing queries were adequately resolved *by the appeal board,* independent of Dr. Nelson's opinion, to obtain proper application of the requisite legal principle. Thus a remand is necessary to obtain the appropriate findings. *Carter v Detroit Board of Education,* 66 Mich App 128; 238 NW2d 419 (1975).

Remanded for proceedings consistent with this opinion. We retain jurisdiction.