## WENZEL v. KIERUJ.

1. Appeal and Error—Law of Case—Parties—Judgment.

Where plaintiff brought an action upon a contract to install a heating plant in a church, and although it appeared that the church and its pastor were parties to the contract, the pastor was made sole defendant in the action, and where it was agreed in open court by defendant's counsel that he was the proper party, and on appeal the court determined that the same was conceded, defendant could not repudiate the concession of his counsel at the second trial of the case, but was foreclosed by the previous ruling of the court.[1]

2. Contracts—Building Contracts—Question for Jury.

Where plaintiff agreed in his contract to install heating apparatus in a church under a guaranty to heat the church to 70 degrees, Fahrenheit, when the outside temperature should be 10 degrees below zero, and at the trial of his claim for extras defendant insisted that the guaranty could not be complied with unless the pipes were covered with asbestos, where there was testimony to support the claim and plaintiff's contention to the contrary, the court properly submitted the question as one of fact.

3. Same—Architect—Extras—Intent.

Under the provisions of the building contract for the installation of heating apparatus in a church, the general specifications providing that no claim for extra work should be allowed unless the price was agreed upon between owner, architect, and contractor before it was done, and there was evidence that the architect ordered the covering of the steam pipes as an extra without reducing the arrangement to writing, and that plaintiff claimed that his bid was not made with reference to the general specifications of the contract but upon specifications for heating only, the court did not err in submitting to the jury the contention whether the plaintiff made his bid with reference to the general specifications or not.

[1] For the law of the case on second appeal, see note in 34 L. R. A. 321.

4. SAME—EXTRAS—WAIVER.
Evidence was admissible to show that defendant had waived the provision of the construction contract stipulating that claims for extras should be made in writing, by reason of the fact that the architect ordered other extras than those in question and did not insist upon any writing.

Error to Wayne; Hosmer, J. Submitted April 29, 1914. (Docket No. 162.) Decided March 17, 1915.

Assumpsit by Paul Wenzel against Felix F. Kieruj for the recovery of the value of labor and materials supplied to the defendant. Judgment for plaintiff. Defendant brings error. Affirmed.

*Thomas Hislop,* for appellant.

*May & Dingeman,* for appellee.

BIRD, J. Plaintiff had the contract for installing a steam heating plant in St. Francis Church, in the city of Detroit. It is his claim that the contract did not require him to cover certain pipes in the basement with asbestos felt, but that he did cover them in pursuance of an order of and an agreement with the architect, and he now claims compensation therefor as an extra. In the trial court, he recovered his full claim. Several defenses were made to the claim.

The material questions which are raised in this court by the several assignments of error are:

(1) Was Felix F. Kieruj properly made a party defendant?

(2) Was the covering of the pipes included in the contract?

(3) Even if the covering of the pipes were an extra, has plaintiff complied with the provisions of the contract with reference to making a claim for extras?

(1) The contract named "St. Francis Church" and

"Rev. Felix Kieruj, pastor" as the second parties. Felix F. Kieruj was made sole defendant. Some question appears to have arisen upon the first trial as to whether he was the proper party, and it was then agreed in open court by counsel that he was the proper party defendant. On the first writ of error in this court, the matter was referred to in the opinion in the following manner:

"If there is liability, it was conceded that the defendant was the proper party to be sued." *Wenzel* v. *Kieruj*, 168 Mich. 92 (133 N. W. 921).

Upon the second trial, the concession was repudiated by Felix F. Kieruj, on the ground that his attorney had no authority to make it, and the point was again raised and urged. Whatever merit there may be in the question, we must hold that it is foreclosed by the former holding of this court.

(2) Was the work of covering the pipes included in the contract? When the case was first before this court, the contract was construed with reference to this question, and it was held that there was no express language in the contract which obliged the plaintiff to cover the pipes under the church. Upon the second trial, the court instructed the jury in accordance with this construction, and this is complained of as error. The argument made in support of this claim is that on the first trial the written contract was missing, and that only fragments of it were before the court, but that upon the last trial, the written contract was produced, and therefore the first holding of the court is not now binding. If the record in the second trial was materially altered by the written contract from that upon which this court based its construction, counsel's contention would probably be true (*White* v. *Campbell*, 25 Mich. 463), but the written contract does not materially alter the facts upon which the construction was based, therefore the trial court

was right in holding that the construction of this court was the law of the case. But it is argued that if the contract did not in express words require plaintiff to cover the pipes, his guaranty that the system installed should have the capacity to heat the church to 70 degrees Fahrenheit when the outside temperature was 10 degrees below zero, would require them to be covered. It was insisted by the defendant that unless the pipes were covered, this guaranty could not be complied with. The contention of the plaintiff was directly opposed to this. This raised a disputed question of fact which the trial court submitted to the jury, and we think properly so.

(3) It is strenuously urged that if the covering of the pipes were an extra, plaintiff could not recover because of section 5 of the general specifications, which in part reads:

"No claim for extra work shall be considered unless the price for the same shall have been agreed upon in writing between the owner, contractor and the architects, prior to the commencement of the same."

It is conceded by the plaintiff that this provision was not complied with, but it was shown that the architect ordered the work to be done, and arranged with him orally to do it. It is further contended by the defendant, that the architect's decision as to whether the contract included the covering of the pipes was final under the eighth section of the general specifications, which provided that:

"Should any misunderstanding or dispute arise as to the meaning of the drawings or specifications, the same shall be referred to the architects, whose decision thereon shall be final and conclusive on all parties."

The answer of plaintiff to these contentions is that the provisions quoted were included in the general specifications, which were never delivered to him, and

of which he had no knowledge; that his bid was made and the contract was based upon the "special heating specifications" only. The parties being at variance upon this question, the trial court submitted this question as one of fact to the jury, with the instruction that if they found that the general specifications were delivered to plaintiff prior to the making of the contract, the plaintiff could not recover. We are of the opinion that this was a proper disposition of the question.

Testimony of other extras arranged for orally by the architect was admitted for the purpose of showing a waiver of that portion of the contract which provided that all claims for extras should be made in writing within 10 days from the beginning of the work. The testimony was competent for that purpose. If the architect had arranged with plaintiff for other extras, and had not insisted upon the written notice being given, it was some evidence that he did not intend to insist upon a compliance with that provision of the contract.

There being no errors which call for a reversal of the case, the judgment of the trial court is affirmed.

BROOKE, C. J., and McALVAY, KUHN, STONE. OSTRANDER, MOORE, and STEERE, JJ., concurred.