## WRIGHT v THUMB ELECTRIC COOPERATIVE

1. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT.

  Findings of the Workmen's Compensation Appeal Board must be affirmed if the board applied the proper legal standard to its findings of fact and there is any evidence to support the findings.

2. WORKMEN'S COMPENSATION—DISABILITY—LOSS OF INDUSTRIAL USE.

  A determination by the Workmen's Compensation Appeal Board that a plaintiff did not suffer permanent and total loss of industrial use of both legs, based on medical testimony that the plaintiff's legs did not indicate any objective findings and that he could use his legs for various types of work, did not apply the proper legal standard; direct injury to the legs is not required when a work-connected back injury is triggered by the use of the legs and it is that condition which prevents the use of the legs in industry.

3. APPEAL AND ERROR—WORKMEN'S COMPENSATION—FACT FINDING.

  The Court of Appeals is not the fact-finding body in workmen's compensation cases and will not invade this function of the Workmen's Compensation Appeal Board; therefore, where the board has not made findings of fact with consideration for the proper legal standard, a remand is made for fact-finding applying the proper legal standard.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 June 4, 1973. (Docket No. 14961.) Decided September 26, 1973.

Forrest G. Wright presented his claim for workmen's compensation benefits against his employer,

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 470, 471.
[2] 58 Am Jur, Workmen's Compensation § 446.
[3] 58 Am Jur, Workmen's Compensation §§ 463, 530.

Thumb Electric Cooperative, and American Motorists Insurance Company and the Second Injury Fund. The referee determined that the plaintiff had suffered a new work-connected disabling back injury but denied compensation for permanent and total loss of industrial use of both legs. Affirmed by the Workmen's Compensation Appeal Board. Plaintiff appeals by leave granted. Reversed and remanded.

*Sharples, Klein & Gale,* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P. C. (Hayim I. Gross,* of counsel), for defendants Thumb Electric Cooperative and American Motorists Insurance Co.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William J. Szykula* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second Injury Fund.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

BRONSON, P. J. Plaintiff, Forrest G. Wright, appeals by leave granted from a decision of the Workmen's Compensation Appeal Board. On December 3, 1968 the hearing referee issued two decisions. In the first the referee found, in pertinent part: "The plaintiff sustained a new work-connected back injury in December, 1963, which disables him from engaging in his occupation of lineman". On the fourteenth of July, 1972, this decision was affirmed by the Workmen's Compensation Appeal Board. In affirming this decision of the referee the board opinion is supported by the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

record and we must affirm. MCLA 418.861; MSA 17.237(861).

In the referee's companion decision issued on the same date the referee found *inter alia:*

"IT IS FOUND that the plaintiff is not totally and permanently disabled within the meaning of sections 10(b) of Part II of the act and, therefore, is not entitled to compensation under section 9 of Part II since he does not have permanent and total loss of industrial use of both legs. IT IS FURTHER FOUND, however, that he sustained a new injury on 12-1-63, as set forth in companion decision of even date."

This decision sets the stage for the present controversy. By way of background plaintiff, for approximately 20 years, was a tree trimmer and a lineman for the defendant Thumb Electric Company. This job involved extensive pole climbing, tree climbing and various forms of lifting. The board affirmed the referee's determination that plaintiff suffered from a disabling back injury arising out of and in the course of this employment with Thumb Electric. The testimony demonstrates that plaintiff has undergone five surgical operations to correct the resulting disabling pain.

The question presented is whether plaintiff has suffered "permanent and total loss of industrial use of both legs" within the meaning of the statute. MCLA 412.10, as amended by 1956 PA 195; MSA 17.160.[1] We must affirm if the board applied the proper legal standard to their findings of fact if there is any evidence to support their findings. The board found *inter alia:* "Dr. Townley testified that plaintiff's legs did not indicate any objective findings and that he could use his legs for various types of work".

---

[1] Now MCLA 418.361(2)(g); MSA 17.237(361)(2)(g).

It is clear from this finding alone that the board has not applied the proper legal standard in their determination. Direct injury to the legs is not required. *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963); *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970).

In *Lockwood, supra,* now Justice LEVIN explained:

"[A] teaching of Paulson is that disabling symptoms are traceable to the use of the lower limbs when they are due to an impairment of another bodily mechanism which is aggravated by leg movement, that compensation for total and permanent disability is payable when a non-leg malady is triggered by the use of the legs and it is that condition which prevents use of the legs in industry." *Lockwood v Continental Motors Corp,* 27 Mich App 597, 603; 183 NW2d 807, 810 (1970).

Applying *Paulson* we observe that the board found: "The medical evidence fully supports the referee's finding of a totally disabling work-connected back injury date on plaintiff's last day of employment". If this back injury is "aggravated by leg movement" and is "triggered by the use of the legs and it is that condition which prevents the use of the legs in industry", then the plaintiff, Forrest Wright, has suffered the loss of industrial use of both legs within the meaning of the statute. Even though our review of the record in this case indicates evidence to support such a conclusion,[2]

---

[2] The following testimony of Dr. Townley is representative:

"*Mr. Ducey:* When you first saw him [plaintiff].

"*A. [Dr. Townley]:* He was complaining of pain in both legs.

"*Q. (By Mr. Sharples):* Pain in both legs?

"*A.* I think. That's typical of a spondylolisthesis, you see, because it's a pulling forward and they'll have generalized pain in the legs or one worse than the other or equally or maybe just one with occasional splaying to the other side. That's typical of spondylolisthesis.

the board has not made findings of fact with consideration for the proper legal standard. We are not the fact finding body and will not invade this function of the board.

In support of their conclusion that plaintiff had not suffered the loss of industrial use of both legs the board quoted Dr. Townley as testifying that plaintiff could use his legs for various types of work. Our careful search of the entire testimony of Dr. Townley brings to light no statement by Dr. Townley which would support this finding. When issuing their findings the board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion. *Lamb v John's Tavern,* 37 Mich App 678, 681; 195 NW2d 278, 280 (1972).

We are not unmindful of *Miller v Sullivan Milk Products, Inc,* 385 Mich 659; 189 NW2d 304 (1971). In *Miller* the plaintiff failed to establish his claim of loss of industrial use of *both* legs because it was undisputed that one of his legs was unimpaired. In addition the use of this leg did not trigger a work-connected disabling injury as is the case in *Paulson, supra, Lockwood, supra,* and apparently the present controversy. In *Miller, supra,* Justice Adams noted that each claim of this nature must be weighed carefully. Justice Adams indicated that some claims will fail and some will prevail depending upon the quality of the proofs presented at the hearing. When reconsidering this matter on remand, the board may wish to take cognizance of Justice Adams' remarks and take further testimony in light of the proper legal standard.

'Both legs, which was worse in the left.' " (Deposition of Dr. Townley, p 39.)

Testimony of similar import can be found in the deposition of Dr. Townley at pages 13, 17, 26, 27, and 31.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.

All concurred.