### KOZLOWSKI v CHRYSLER CORPORATION

#### Opinion of the Court

1. Workmen's Compensation—Appeal and Error—Appeal Board—Orders.

    The Court of Appeals has jurisdiction to decide questions presented to it by an appeal from an order of the Workmen's Compensation Appeal Board where the board's "order" was its final determination and where six members of the board signed the order which contained its findings of fact, even though a majority of the board did not concur in an "opinion".

2. Workmen's Compensation—Appeal and Error—Appeal Board—Evidence—Sufficiency.

    A finding by the Workmen's Compensation Appeal Board that a plaintiff failed to sustain the burden of proof imposed upon her will not be reversed where there was sufficient evidence contained in the record to support the board's finding that the plaintiff had not lost the industrial use of her legs as a direct consequence of the injury sustained in the course of her employment.

#### Dissent by V. J. Brennan, P. J.

3. Workmen's Compensation—Appeal and Error—Appeal Board—Findings of Fact.

    *It is not the function of the Court of Appeals to sit as a factfinder in cases where the Workmen's Compensation Appeal Board has not made findings of fact with consideration for the proper legal standard.*

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 January 17, 1974, at Detroit. (Docket No. 17024.) Decided June 25, 1974. Leave to appeal applied for.

Reference for Points in Headnotes
[1–3] 58 Am Jur, Workmen's Compensation § 530.

Claim by Amy T. Kozlowski against Chrysler Corporation for additional workmen's compensation payments for loss of industrial use of her legs. Additional compensation denied. Plaintiff appeals by leave granted. Affirmed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Lacey & Jones* (by *E. R. Whinham, Jr.),* for defendant Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Phillip Dean* and *A. C. Stoddard,* Assistants Attorney General, for Second Injury Fund.

Before: V. J. BRENNAN, P. J., and BASHARA and CARLAND,* JJ.

CARLAND, J. The plaintiff filed an application pursuant to section 10(b)(7) of Part II of the Workmen's Compensation Act (now MCLA 418.361; MSA 17.237[361]) for specific loss benefits alleging total and permanent disability by reason of loss of the industrial use of both legs. The referee awarded benefits; the appeal board reversed in a split decision. On appeal to this Court, we reversed and remanded for further proceedings stating that as the result of a misapplication of the law by the appeal board, there had been no finding of fact by a majority of that board. *Kozlowski v Chrysler Corporation and Second Injury Fund,* 25 Mich App 392; 181 NW2d 785, *lv den,* 384 Mich 782 (1970).

The mandate of the Court of Appeals for further review was couched in the following language:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Of necessity then, for the error of law, we set aside the holding for further consideration of the record already made. The reconsideration should contain specific findings of fact on the question presented by the self-contained test in subsection (7). That question is whether plaintiff lost the 'industrial use' of both legs, as the quoted term is used in the statute, and not as it was used in the *Hutsko* opinion where subsection (7), and its own particular test was not involved.

"If total and permanent disability is found on the basis of the test in subsection (7), there should be a further finding of fact as to when it occurred, particularly in relation to the date of the amendment adding this loss to the specific loss schedule."

In response to the directives so given, the board of appeals in an opinion dated March 30, 1973, concurred in by three members, determined that "[t]he plaintiff has not met the burden of proving that she lost the industrial use of her legs within the period prescribed by statute". Three other members of the board concurred in the result. An order bearing the same date as the opinion referred to and signed by six members of the board makes a determination of fact in the following language:

"It is ordered, that the decision of the referee shall be and it hereby is reversed, the board finding that the plaintiff did not meet the burden of proving that she lost the industrial use of her legs within the period prescribed by statute".

Plaintiff appeals on leave granted.

As provided in MCLA 418.861; MSA 17.237(861), "[t]he court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board".

Therefore, the question here involved is whether the order of March 30, 1973, is a final order

reviewable by this Court and whether it is in
fulfillment of the mandate contained in *Kozlowski,*
*supra.* In other words, does the fact that "a major-
ity" has not concurred in an "opinion" render this
Court without jurisdiction to decide the questions
presented to it.

On December 31, 1969, the statute in force
(MCLA 408.21; MSA 17.6[21]) was repealed and
replaced by MCLA 418.261; MSA 17.237(261). This
statute provides in the second paragraph thereof
as follows:

"Any matter pending on review may be assigned to 4
members of the board for disposition. The composition
of panels shall be alternated so that each member of
the board serves on panels with other members of the
board with a frequency which is as substantially equal
as possible. If the 4 members concur in the result, it
shall be final. If there is disagreement, the matter shall
be reviewed by the full board and its order shall be
final."

Therefore, this section of the statute makes it
clear that the appeal board's "order" is its final
determination. The statute speaks of the finality of
such an "order". Here six members of the appeal
board signed the order here involved which con-
tained its finding of fact. It must, therefore, follow
that this appeal is properly before this Court. In
making its decision that the plaintiff has failed to
sustain the burden of proof imposed upon her, the
board has said that it does not believe that the
proofs offered by her outweigh those offered in
opposition thereto. In *Carter v General Motors
Corp,* 361 Mich 577, 582–583; 106 NW2d 105
(1960), the Court spoke as follows:

"The order of the appeal board is attacked, among
other reasons, because no 2 members of the 3 member

board found plaintiff's disability compensable under the same section of the act. Nevertheless, the decision of 2 of the 3 members of the board was that plaintiff suffered a compensable injury. Section 11 of chapter 1A of the act creating the workmen's compensation appeal board (CLS 1956, § 408.11 [Stat Ann 1959 Cum Supp, § 17.6(17)]) provides that the 'decision of a majority of the board shall be the decision of the board'. It is not unusual for members of a body performing a judicial function to arrive at the same conclusion via diverse reasoning. (See for example, *Samels v Goodyear Tire & Rubber Co,* 317 Mich 149; 26 NW2d 742 [1947], where 6 justices of this Court voted to affirm an award of compensation, 3 justices grounding their decision on part 2 and 3 justices on part 7.) The decision of the board is within the statutory mandate."

MCLA 418.861; MSA 17.237(861) provides as follows:

"The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive."

We conclude that there is sufficient evidence contained in the record to support the board's finding that plaintiff has not lost the industrial use of her legs as a direct consequence of the injury sustained in the course of her employment at Chrysler.

We affirm.

Bashara, J., concurred.

V. J. Brennan, P. J. *(dissenting).* I find I am unable to agree with the decision reached by my colleagues in this case. My reading of the opinion written by appeal board member Mumper leads me to conclude that the decision rendered below was again reached through the application of an erroneous legal standard.

Plaintiff was originally awarded workmen's compensation benefits for a back injury she suffered in a work-related accident. At the expiration of 500 weeks, plaintiff sought to recover further benefits for total and permanent disability due to the alleged loss of industrial use of her legs.[1] Testimony adduced at the hearing on plaintiff's claim reveals that the disabling condition upon which plaintiff was relying to seek further benefits was due either to the effect protracted leg use had on her work-related back injury, certain psychological problems, or a combination of the two. In order for the appeal board to make a proper determination of the instant case it was required to ascertain whether:

"[t]he use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry."[2]

If plaintiff satisfied the above test then the fact that plaintiff's condition may also have been aggravated by psychological problems does not preclude her from receiving further compensation. See *Crosby v Sterner Sheet Metal & Roofing Co,* 51 Mich App 311; 214 NW2d 868 (1974); *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970).

In reviewing the evidence presented at the hearing on plaintiff's claim, the appeal board, member

[1] Formerly MCLA 412.10(b)(7); MSA 17.160(b)(7), now MCLA 418.361(2)(g); MSA 17.237(361)(2)(g).

[2] *Burke v Ontonagon County Road Commission,* 391 Mich 103, 114; 214 NW2d 797 (1974), reaffirming the decisional validity of *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963), and *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970). See also *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96; 214 NW2d 794 (1974).

Storie dissenting, found that plaintiff did not suffer the loss of industrial use of her legs. In reaching this decision the appeal board focused on whether there was direct medical evidence establishing physical injury to plaintiff's legs. In so doing the appeal board employed an erroneous legal standard. Since it is not our function to sit as a factfinder in cases where the appeal board "has not made findings of fact with consideration for the proper legal standard",[3] I would again remand this case for consideration in conformance with the proper legal standard.

---

[3] *Wright v Thumb Electric Cooperative,* 49 Mich App 714, 718; 212 NW2d 607 (1973).