## WELCH v CHRYSLER CORPORATION

### Opinion of the Court

1. Appeal and Error—Law of the Case—Prior Decision—Evidence—Same Evidence.

   The principle of "law of the case" refers to the holding of a prior decision between the same parties which is applied by a lower court upon remand or an appellate court upon subsequent review; the principle applies where there is a submission of the same or similar evidence upon the second trial or appeal.

2. Appeal and Error—Law of the Case—Prior Decision—Evidence—Same Evidence.

   The principle of "law of the case" applies in a case which has previously been decided by the Court of Appeals and which, after a remand from the Supreme Court to the lower tribunal and a reaffirmation of that tribunal's prior decision, is again before the Court of Appeals on the same evidence with respect to the same issue previously decided.

### Dissent by T. M. Burns, J.

3. Appeal and Error—Law of the Case—Workmen's Compensation Appeal Board—Findings of Fact—Legal Standards.

   *Application of the principle of "law of the case" is improper because it denies a plaintiff the right to appellate review of a decision after a remand to the Workmen's Compensation Appeal Board where the finding of the board was the result of the application of an incorrect legal standard to the facts of the case.*

4. Workmen's Compensation—Preexisting Condition—Aggravation of Condition.

   *If a person's employment aggravated, accelerated, or combined with a preexisting disease or infirmity to produce a result for*

References for Points in Headnotes
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 744–759.
[3, 5] 58 Am Jur, Workmen's Compensation §§ 400, 530.
[4] 58 Am Jur, Workmen's Compensation § 278.

*which workmen's compensation is sought, then that result has arisen out of his employment, regardless of any different result which might have been reached in the case of a healthy individual.*

5. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—APPEAL AND ERROR—FINDINGS OF FACT—LEGAL STANDARDS.

*It is not the function of the Court of Appeals to sit as a fact-finder in cases where the Workmen's Compensation Appeal Board has not made findings of fact with consideration for the proper legal standard; such a case should be remanded to the board for reconsideration of the claim in accordance with the proper legal standard.*

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 March 14, 1975, at Detroit. (Docket No. 20726.) Decided April 28, 1975.

Claim by Mary L. Welch, widow and administratrix of the estate of Leroy Welch, deceased, against Chrysler Corporation for workmen's compensation benefits. Benefits denied. Plaintiff appeals by leave granted. Affirmed.

*Keller, Cohn & Svenson,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross*), for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and R. M. MAHER, JJ.

R. M. MAHER, J. This appeal from an order of the Workmen's Compensation Appeal Board is before the Court a second time. Plaintiff initially sought benefits under the Workmen's Compensation Act for the disability and death of her husband. The hearing referee denied the death claim but granted the disability claim. The Workmen's

Compensation Appeal Board affirmed the referee's decision denying death benefits but reversed with respect to the disability claim. This Court, in an unpublished per curiam opinion, affirmed the appeal board's decision as to both the death claim and the disability claim. *Welch v Chrysler Corp,* (No. 13873, released March 2, 1973).

In its opinion, the Court of Appeals rejected plaintiff's claim of error that she did not receive a copy of defendant's reply brief and cross-appeal in the proceedings before the appeal board. The Supreme Court granted leave to appeal and remanded the matter to the Workmen's Compensation Appeal Board "for further proceedings in order to afford plaintiff-appellant reasonable opportunity to reply to defendant-appellee's cross-appeal". *Welch v Chrysler Corp,* 389 Mich 800 (1973). The Supreme Court did not retain jurisdiction.

On remand, the appeal board reaffirmed and adopted its previous opinion. This Court granted plaintiff leave to appeal limited to the issue of decedent's disability from December 10, 1965 to November 7, 1966.

No new evidence was presented to the appeal board on remand. The facts before us, therefore, are the same as those before this Court in 1973 when the issue of decedent's disability from December 10, 1965 to November 7, 1966, was decided in the following manner:

"We recognize that job disability involving pre-existing disease of unrelated origin may involve questions of both law and fact. An examination of the record discloses testimony from which the Appeal Board could well conclude that at the time decedent last worked, he had become unemployable because of heart disease and that it was not only work but the ordinary physical activities of day to day living that overburdened his

heart. The Appeal Board having found against the burden-bearing claimant, she must, to sustain her appeal establish that there was no question of fact and that the proof entitled her to an award as a matter of law. From our examination of the record, we are not so persuaded." *Welch v Chrysler Corp, supra,* p 3 (Citation omitted.)

The general principle with which we are concerned in a situation such as this is labeled "law of the case". The case of *Topps—Toeller, Inc v Lansing,* 47 Mich App 720, 727–728; 209 NW2d 843 (1973), *lv den,* 390 Mich 788 (1973), explains that principle as follows:

"The law of the case may be viewed as shorthand for the holding of a prior decision between the same parties which is applied by a lower court upon remand or an appellate court upon subsequent review. The operative effect of this principle is based upon the submission of the same or similar evidence upon the second trial or appeal. *White v Campbell,* 25 Mich 463 (1872); *Wenzel v Kieruj,* 184 Mich 284 [151 NW 641] (1915); *Mitchell v Reolds Farms Co,* 261 Mich 615 [247 NW 89] (1933); *Leland v Ford,* 252 Mich 547 [233 NW 410] (1930); *Watkins v Gabriel Steel Co,* 268 Mich 264 [256 NW 333] (1934); *Palazzolo v Sackett,* 254 Mich 289 [236 NW 786] (1931)."

The Court in *Topps—Toeller, supra,* p 729, concluded that "law of the case offers the same parties a measure of certainty by according finality to the litigated issues until the cause of action is fully litigated, including retrials or appeals, and the superseding doctrines of res judicata and collateral estoppel become effective".

In the present case, a prior decision by this Court, between the same parties, was appealed to the Supreme Court and remanded to the Workmen's Compensation Appeal Board in order to

afford plaintiff an opportunity to reply to defendant's cross-appeal. Following the appeal board's reaffirmation, this case is again before the Court of Appeals on the same evidence with respect to the same issue previously decided. That decision remains the law of the case.

Affirmed. No costs.

T. M. BURNS, J. *(dissenting).* I cannot agree with my brothers that the principle known as "law of the case" controls this litigation. In my opinion, the application of that principle to the case at bar denies plaintiff her right to appellate review.

Plaintiff contends that decedent's work hastened his disability and that on that account, workmen's compensation benefits should be awarded. The Workmen's Compensation Appeal Board found that the work did not cause the disability and reversed the referee's decision granting the disability claim. It is my opinion that in doing so the appeal board applied an incorrect legal standard to this case.

In *Riddle v Broad Crane Engineering Co,* 53 Mich App 257; 218 NW2d 845 (1974), an opinion which I authored, the Court remanded a workmen's compensation case back to the appeal board because the board had applied an incorrect legal standard when it reversed a hearing referee's award of compensation benefits to the plaintiff. In the course of that opinion, we stated at p 260; 218 NW2d 846–847:

"If decedent's employment aggravated, *accelerated,* or combined with a preexisting disease or infirmity to produce the result for which compensation is sought, then that result has indeed arisen out of decedent's employment, regardless of any different result which might have been reached in the case of a healthy

individual. It is well known that an employer takes his employee as he finds him. 1 Larson's Workmen Compensation Law, § 12.20, pp 3-231, 3-249. See also *Sheppard v Michigan National Bank*, 348 Mich 577; 83 NW2d 614 (1957)." (Emphasis added.)

Judged by the above standard, it appears to me that there is sufficient evidence on the record to support plaintiff's claim for benefits. The testimony in this case was undisputed that had decedent had an easier, less strenuous job, he could have worked longer. It is in this sense that I suggest that decedent's employment accelerated his disability. However, it is not the function of this Court to sit as a fact finder in cases where the appeal board "has not made findings of fact with consideration for the proper legal standard". *Crosby v Sterner Sheet Metal & Roofing Co*, 51 Mich App 311, 316; 214 NW2d 868 (1974), *Wright v Thumb Electric Cooperative*, 49 Mich App 714; 212 NW2d 607 (1973). Accordingly, I would reverse and remand this cause to the appeal board for reconsideration of plaintiff's claim in accordance with the proper legal standard. If the appeal board finds that decedent's employment accelerated his disability, then plaintiff is entitled to recover workmen's compensation benefits.

I vote to reverse and remand for further proceedings not inconsistent with this opinion.