## KOZLOWSKI v CHRYSLER CORPORATION

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—INDUSTRIAL USE OF LEGS—EMPLOY-MENT-RELATED INJURIES.

An award of compensation to a plaintiff for the loss of the industrial use of both legs is required if (1) both of the plaintiff's legs are unusable in industry because (2) use of the legs triggers an employment-related injury the effects of which are so severe that they prevent the plaintiff from working.

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—INDUSTRIAL USE OF LEGS—AMBIGUOUS OPINION.

A determination of the compensability of the loss of the industrial use of a worker's legs made by the Workmen's Compensation Appeal Board should be remanded to the board for a clarification of the findings where the board's opinion is ambiguous, with different legal conclusions flowing from different possible interpretations.

### CONCURRENCE BY D. E. HOLBROOK, J.

3. WORKMEN'S COMPENSATION—INDUSTRIAL USE OF LEGS—EMPLOY-MENT-RELATED INJURIES.

*A workmen's compensation claim for the loss of the industrial use of the claimant's legs is to be considered in the light that there is permanent and total loss of the industrial use of both legs where,* inter alia, *(1) an employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry, (2) the use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 82 Am Jur 2d, Workmen's Compensation §§ 240–288.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 549–569.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 511–522.
[5] 82 Am Jur 2d, Workmen's Compensation §§ 616, 631.

pain or other condition that prevents use of both legs in industry.

4. WORKMEN'S COMPENSATION—BURDEN OF PROOF—COMPENSABILITY.
   The plaintiff in a workmen's compensation proceeding always bears the burden of showing compensability.

5. WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—FINDINGS OF FACT—POWERS OF REVIEW.
   The powers of review of the Court of Appeals over findings of fact in workmen's compensation proceedings are limited (Const 1963, art 6, § 28).

Appeal from Workmen's Compensation Appeal Board. Submitted January 5, 1977, at Detroit. (Docket No. 28002.) Decided May 3, 1977. Leave to appeal denied, 401 Mich —.

Claim by Amy T. Kozlowski against Chrysler Corporation and the Second Injury Fund for additional workmen's compensation payments for loss of industrial use of her legs. Additional compensation denied. Plaintiff appealed by leave granted. Affirmed, 54 Mich App 100 (1974). Plaintiff appealed to the Supreme Court which remanded to the Workmen's Compensation Appeal Board, 394 Mich 101 (1975). Additional compensation denied. Plaintiff appeals by leave granted. Remanded for clarification of findings.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for plaintiff.

*Lacey & Jones* (by *E. R. Whinham,* of counsel) for defendant Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for Second Injury Fund.

Before: ALLEN, P. J., and D. E. HOLBROOK and D. C. RILEY, JJ.

ALLEN, J. Judge HOLBROOK's concurring opinion reviews the history of this case. We agree that the case must again be remanded, but our reasons are different than those expressed by Judge HOLBROOK. The Workmen's Compensation Appeal Board holding is ambiguous.[1] The *Burke*[2] test would require an award of compensation if: (1) Both of the plaintiff's legs are unusable in industry because (2) use of the legs triggers an employment-related injury whose effects are so severe that they prevent the plaintiff from working.

*Burke* would require compensation for total and permanent disability if the use of plaintiff's legs triggers disabling pain from the 1957 injury. But the appeal board did not make such a finding. Unfortunately, it is difficult to say precisely what the board did find. There are at least three possible interpretations:

(1) Surgery has completely cured all of the symptoms of the 1957 injury, but the plaintiff suffers from a more recent psychosomatic injury which—although it is completely unrelated to her employment with the defendant—has symptoms which are identical to those of the 1957 injury.

(2) The surgery was very successful, but it did not completely cure all of the symptoms of the

---

[1] The appeal board held that:

"We agree with Dr. Horvath that plaintiff's back fusion has not failed and that her current inability to work is *largely psychological.* The psychological problems are a product of her home life, not her injury of 1957. Thus the *Burke* test is failed at the point of the assumed precondition ('An *employment related* [emphasis in original] injury * * * '). * * * To the extent that * * * she cannot use her legs in industry * * * we find [that her symptoms are psychosomatic]." (Emphasis supplied.)

[2] *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974).

1957 injury. Nevertheless, pain from the 1957 injury by itself would only be uncomfortable, it would not be disabling. The extra measure of pain which creates the disability is caused by a psychosomatic injury which is completely unrelated to the plaintiff's employment with the defendant.

(3) The 1957 injury is either completely cured or is causing only mild discomfort. The disabling pain is traceable to a psychosomatic injury which is tenuously related to the plaintiff's employment with the defendant in one respect, *viz.*, the psychosomatic pain is located in the back because the plaintiff remembers the pain from the 1957 injury.

In one of those three forms, the appeal board found that, although use of the plaintiff's legs leads to disabling pain, the condition (1, 2 or 3, *supra)* which is stimulated by the use of the legs is not an "employment related injury" as that term was last used in *Burke.* Unlike Judge HOLBROOK, we believe inquiry into the present source of the pain was within the scope of the remand order from the Supreme Court which ordered the board to apply the *Burke* test. *Kozlowski v Chrysler Corp,* 394 Mich 101; 228 NW2d 781 (1975).

If the board found either (1) or (2), the plaintiff would not be entitled to compensation. However, the record seems to best support finding (3), and the legal result which would flow from such a finding is by no means clear. The problem might be stated as follows: Is a claimant entitled to full total and permanent disability benefits whenever her employment with a defendant plays any part —no matter how small—in causing a condition which otherwise meets the definition of total and permanent disability?

Strict application of the "but for" test would require an award. See, *e.g., Carter v Detroit Board*

*of Education,* 66 Mich App 128; 238 NW2d 419 (1975), *Memeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973). But without benefit of briefing on the issue we are not certain that a rigid application of the "but for" test is appropriate in the instant situation.

When this case was last before this Court, Judge V. J. BRENNAN wrote in his dissenting opinion:

> "[T]he fact that plaintiff's condition may also have been aggravated by psychological problems does not preclude her from receiving further compensation. See *Crosby v Sterner Sheet Metal & Roofing Co,* 51 Mich App 311; 214 NW2d 868 (1974); *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970)." *Kozlowski v Chrysler Corp,* 54 Mich App 100, 105; 220 NW2d 319 (1974).

But that statement was prefaced by the assumption that "plaintiff satisfied the above *[Burke]* test". 54 Mich App at 105. And, neither of the cases cited by Judge BRENNAN necessarily mandates compensation. In both *Crosby* and *Lockwood,* injuries caused solely by the claimants' employments were sufficient, without the addition of non-job-related factors, to render the claimant's legs unusable in industry.

Thus, for two reasons this case must again be remanded to the appeal board: First, because the appeal board opinion is ambiguous with different legal conclusions flowing from different possible interpretations; second, assuming that upon remand the board should make specific findings supporting interpretation (3) *supra,* the parties should brief and argue the legal consequences of such a finding. We therefore request that the appeal board clarify its findings and include a statement of the law and authority governing the

legal conclusion flowing from such findings. In order to expedite matters and avoid the necessity of a new appeal by the party dissatisfied with the determination of the appeal board upon remand, this panel will retain jurisdiction.

D. C. Riley, J., concurred.

D. E. Holbrook, J. *(concurring)*. This writer concurs in the result reached by the majority and with their conclusion that the appeal board must be reversed because its decision is ambiguous. The Supreme Court in *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974), has set out a clear test which must be met which the appeal board misapplied herein. This Court need not speculate as to what the appeal board may or may not have found where the board has so obviously ignored the dictates of *Burke.*

The instant case may well be the state's oldest and most highly litigated workmen's compensation controversy. The case arose out of an injury which plaintiff suffered in her employment with Chrysler Corporation on January 7, 1957. In May of 1958 plaintiff filed a claim for compensation benefits for an alleged injury to her back and sequelae, arising from a slip and fall on a greasy floor while in the course of plaintiff's employment with the Chrysler Corporation. After a hearing, a referee ordered an award on January 30, 1959, finding plaintiff to have been disabled by the fall and awarding her compensation in the amount of $36 per week until further order of the department (under then existing law compensation for a maximum of 500 weeks). On appeal a unanimous three-member appeal board affirmed by opinion and order entered December 21, 1959, in which they held:

"It is our finding that plaintiff did sustain the back injury alleged as the result of the fall on January 7, 1957, that the injury arose out of and in the course of her employment, that plaintiff has been disabled at all times since such injury as the result thereof, and that such disability was still in effect at the time of hearing and a continuing award is fully warranted and justified."

In 1966, prior to the expiration of the 500-week period, plaintiff filed a second claim, alleging that the 1957 fall caused, in addition to the personal injury already compensated, total and permanent disability from "loss of industrial use of both legs, nervous condition, neurosis and emotional disorder, [and] incurable insanity". At the hearing, plaintiff waived all the alleged bases for total and permanent disability except total and permanent disability arising from the loss of industrial use of her legs. After hearing, a referee entered an award on May 5, 1967, for compensation benefits of $57.33 per week for permanent and total disability arising from the loss of industrial use of plaintiff's legs. This award made an appropriate apportionment of benefits between Chrysler Corporation and the Second Injury Fund. On appeal, however, a divided appeal board reversed. The majority opinion held that plaintiff had not established loss of industrial use of both legs equivalent to amputation as those members interpreted the test of *Hutsko v Chrysler Corp,* 381 Mich 99; 158 NW2d 874 (1968). A concurring opinion was also filed. Two members of the board dissented, however, concluding: "that plaintiff has in fact suffered the industrial loss of use of both lower extremities to the same degree as if such loss was due to amputation."

Plaintiff then appealed to this Court. We re-

versed, holding that the appeal board erroneously applied the *Hutsko* test and remanded for reconsideration on the existing record of the question whether "plaintiff lost the 'industrial use' of both legs". *Kozlowski v Chrysler Corp,* 25 Mich App 392, 398; 181 NW2d 785 (1970).

On remand the board again found against plaintiff. Although only two members signed the majority opinion, the six-member board signed the order reversing the referee and finding: "The plaintiff has not met the burden of proving that she lost the industrial use of her legs within the period prescribed by statute."

Plaintiff appealed to this Court again. Judges BASHARA and CARLAND affirmed, saying:

"We conclude that there is sufficient evidence contained in the record to support the board's finding that plaintiff has not lost the industrial use of her legs as a direct consequence of the injury sustained in the course of her employment at Chrysler." *Kozlowski v Chrysler Corp,* 54 Mich App 100, 104; 220 NW2d 319 (1974).

Judge BRENNAN, however, dissented on the grounds that: "the decision rendered below was again reached through the application of an erroneous legal standard." *Kozlowski,* at 104. Judge BRENNAN referred to the undue consideration the majority of the appeal board gave to testimony that plaintiff had a number of psychological and family problems. Judge BRENNAN wrote:

"Testimony adduced at the hearing on plaintiff's claim reveals that the disabling condition upon which plaintiff was relying to seek further benefits was due either to the effect protracted leg use had on her work-related back injury, certain psychological problems, or a combination of the two. In order for the appeal board to

make a proper determination of the instant case it was required to ascertain whether:

" '[t]he use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry.' *[Burke v Ontonagon County Road Commission,* 391 Mich 103, 114; 214 NW2d 797 (1974).] If plaintiff satisfied the above test then the fact that plaintiff's condition may also have been aggravated by psychological problems does not preclude her from receiving further compensation. [Citations omitted.]

"In reviewing the evidence presented at the hearing on plaintiff's claim, the appeal board, member Storie dissenting, found that plaintiff did not suffer the loss of industrial use of her legs. In reaching this decision the appeal board focused on whether there was direct medical evidence establishing physical injury to plaintiff's legs. In so doing the appeal board employed an erroneous legal standard. Since it is not our function to sit as a factfinder in cases where the appeal board 'has not made findings of fact with consideration for the proper legal standard', I would again remand this case for consideration in conformance with the proper legal standard." (Footnotes omitted.) *Kozlowski,* at 105–106.

Plaintiff then appealed to the Supreme Court. By order dated May 8, 1975, the Supreme Court granted leave to appeal and remanded for reconsideration of whether plaintiff suffered permanent and total loss of industrial use of both legs in light of *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974). On remand from the Supreme Court, the second court-ordered remand on the loss of industrial use question, a four-member majority of the appeal board again denied benefits. Plaintiff once again appealed by leave to this Court.

Our task is to determine whether the appeal board properly complied with the Supreme Court

order to consider whether plaintiff suffered permanent and total loss of industrial use of both legs in light of *Burke, supra.* In *Burke,* the Court reviewed precedent and concluded that:

"There is permanent and total loss of industrial use of both legs where, *inter alia,*

"1. An employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry.

"2. The use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." *Burke,* at 114.

Obviously, we are concerned with number 2 above, whether the use of Mrs. Kozlowski's legs triggers her back injury such as to cause pain and subsequent loss of use of both of her legs in industry. This is the test we are concerned with. We need not consider whether her back injury was employment-related since that was fully and finally determined previously. If, in fact, Mrs. Kozlowski lost the industrial use of both of her legs, the appeal board's proper inquiry was whether such loss of industrial use of Mrs. Kozlowski's legs was attributable to her 1957 back injury.

If Mrs. Kozlowski's use of her legs causes an aggravation of her back injury such that pain results to the extent that she suffers the loss of industrial use of her legs, then she is entitled to compensation therefor. In compensation proceedings the plaintiff always bears the burden of showing compensability. *Fergus v Chrysler Corp (After Remand),* 67 Mich App 106; 240 NW2d 286 (1976), *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966). Nevertheless, the

trier of fact must keep in mind the remedial
purpose of the act. See *Whetro v Awkerman,* 383
Mich 235; 174 NW2d 783 (1970). Testimony during
the several hearings held during the course of this
litigation reveals a sad tale. Mrs. Kozlowski was
indeed injured and suffered a painful back injury
which necessitated back surgery. Also, her hus-
band suffered a terrible injury and loss of a leg.
Marital friction occurred, resulting in serious fam-
ily difficulties. Mrs. Kozlowski suffered some psy-
chological problems. However, Mrs. Kozlowski did
suffer a back injury and underwent surgery, which
admittedly could cause the leg problems. There
was medical testimony introduced by plaintiff
which could support a finding that the loss of use
of her legs was attributable to her back surgery.
Defendant introduced expert testimony which indi-
cated that plaintiff's loss of use of her legs was a
"psychological defect". The appeal board's major-
ity opinion found:

"We agree with Dr. Horvath that plaintiff's back
fusion has not failed and that her current inability to
work is largely psychological. The psychological prob-
lems are a product of her home life, not her injury of
1957. Thus, the *Burke* test is failed at the point of the
assumed precondition ('An *employment related* injury
* * * .')." (Emphasis in original.)

Again the appeal board has misconstrued *Burke.*
The board's inquiry should not be whether the
*Burke* test failed at the point of the "assumed
precondition—the employment-related injury".
The board in 1959 determined properly and finally
that plaintiff suffered a compensable back injury.
This is not in dispute. What the board must deter-
mine is whether "[t]he use of one or both legs,
whether or not injured, triggers an employment-

related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry". *Burke, supra,* at 114.

We are certainly hesitant to remand this case once again. This litigation has gone on much too long without benefiting anyone. This writer is close to declaring that plaintiff's loss was attributable to her back injury. Unfortunately, our powers of review are limited.[1] *Fergus v Chrysler Corp, supra.* Appeal board member Storie aptly remarked:

"After payment of 500 weeks of compensation, three trips before this Appeal Board, and two trips before our superiors who advised this Board on each occasion that the majority of the Board members had utilized the wrong legal test, four of my associates now tell us that it was the 'domestic disarray' which caused plaintiff's continuing inability to be gainfully employed and that this was their opinion about the matter in 1973. They do this without even mentioning the unrebutted testimony of the plaintiff which Members Iverson and Storie quoted upon pages eight through 12 in the opinion entered on April 8, 1969. They do this in spite of Dr. Forrer's expressed belief that plaintiff had 'some physical problems' which were caused by the injury received. They do this in spite of the fact that Dr. Horvath admitted that even though he had read the 1966 x-ray as showing a good fusion, surgical exploration may show that the fusion had not 'adequately taken' and that it was possible too much bone graft could have caused an 'impingement of surrounding tissue.' It is also apparent from the testimony previously quoted by Members Iverson and Storie at pages 12, 13, 14 and 20 of the 1969 opinion that my associates' characterizations of the testimony of Dr. Lipton and Dr. Komisaruk is not in accord with the testimony elicited. These

---

[1] Const 1963, art 6, § 28, provides: "Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law."

proofs submitted in 1967 and reviewed by the Board in 1969 have not changed. Nor have they previously, nor here, been weighed by my associates in the light of *Paulson,* supra, *[Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963)] nor as directed by the Supreme Court on May 12, 1975, in the light of *Burke,* supra. My associates again commit the same error which was noted by Judge Brennan when the matter was last reviewed by the Court of Appeals. *[Kozlowski v Chrysler Corp,* 54 Mich App 100, 105–106; 220 NW2d 319 (1974)]."

This writer concurs in the result reached by the majority and further agrees that jurisdiction should be retained.