GILMER v GENERAL MOTORS CORPORATION

1. Workmen's Compensation—Decision of Appeal Board—Orders —Written Opinions—Statutes.

An order of the Workmen's Compensation Appeal Board signed by a majority of a five member review panel is the board's final decision under a section of the workmen's compensation law regarding reviews by a panel of the board; the section of the law does not require a majority of the panel to join in a written opinion since the board's written opinion is not its final decision under that section (MCLA 418.261; MSA 17.237[261]).

2. Workmen's Compensation—Appeal and Error—Questions of Law—Final Orders—Workmen's Compensation Appeal Board—Testimony Adopted—Standards—Reasoning—Statutes.

The Court of Appeals is empowered to review questions of law involved in a final order of the Workmen's Compensation Appeal Board; implicit in this statutory scope of review is the obligation of the board to set forth the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion (MCLA 418.861; MSA 17.237[861]).

Appeal from the Workmen's Compensation Appeal Board. Submitted November 15, 1977, at Detroit. (Docket No. 77-396.) Decided January 5, 1978.

Claim by Raymond E. Gilmer against General Motors Corporation for workmen's compensation. Compensation denied. The Workmen's Compensa-

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 583.
 82 Am Jur 2d, Workmen's Compensation § 616.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 630–637.

tion Appeal Board reversed. Defendant appeals by leave granted. Affirmed.

*Miller, Klimist, Cohen, Martens & Sugerman, P. C.,* for plaintiff.

*Frazer F. Hilder,* General Counsel, and *Willard W. Wallace (E. R. Whinham,* of counsel), for defendant.

Before: BRONSON, P. J., and ALLEN and T. M. BURNS, JJ.

PER CURIAM. This is an appeal by leave from a decision of the Workmen's Compensation Appeal Board reversing a referee's denial of compensation benefits and awarding plaintiff continuing disability compensation benefits for physical and psychological disability arising out of his employment. The appeal board's opinion was signed by two of the five board members. Three members concurred in result only. The order awarding benefits was signed by all five members. The sole issue on appeal is whether a majority of the five-member board must join in a written opinion.

MCLA 418.261; MSA 17.237(261) provides in part:

"A matter pending on review shall be assigned to a panel of 5 members of the board for disposition. * * * The decision reached by a majority of the assigned 5 members shall be the final decision of the board. If a majority of the assigned 5 members are unable to agree, the matter shall be reviewed by the entire workmen's compensation appeal board."

The board's order, not its written opinion, is its final decision under this section. *Kozlowski v Chrysler Corp,* 54 Mich App 100; 220 NW2d 319

(1974). In the case at bar, all five board members agreed on the order. Therefore, the board fully complied with MCLA 418.261; MSA 17.237(261). Nothing in that section requires a majority to join in a written opinion. *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960).

Under MCLA 418.861; MSA 17.237(861), this Court is empowered to review questions of law involved in a final order of the board.[1] Implicit in this statutory scope of review is the obligation of the board to set forth "the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion". *McClary v Wagoner,* 16 Mich App 326, 328; 167 NW2d 800 (1969). See, also, *Carter v Detroit Board of Education,* 66 Mich App 128; 238 NW2d 419 (1975), *Gibbs v Keebler Co,* 56 Mich App 690; 224 NW2d 698 (1974), *Moore v Gundelfinger,* 56 Mich App 73; 223 NW2d 643 (1974).

The opinion of the board in the case at bar satisfies the *McClary* requirement. The legal standard, testimony adopted and conclusion reached were meticulously set out in member Marshall's opinion. Thus, this Court has a basis for reviewing any question of law raised by the case at bar.[2]

Affirmed. Costs to appellee.

---

[1] The board's findings of fact are conclusive, absent fraud. MCLA 418.861; MSA 17.237(861).

[2] Appellant does not contend and we do not find that the board applied an erroneous legal standard.